ALDEN B. POWELL AND JAMES BOUGHTON v. NELSON ELDRED.

*Corporations—Labor debts—Extension of time.*

The constitutionality of statutes will not be passed upon where the case can be determined without doing so.

A finding that a defendant is not a stockholder within the meaning of Comp. L., § 2852, defeats an action under that statute against him for labor debts of the corporation.

Extension of time on orders issued by a corporation to laborers defeats an action on them under Comp. L., § 2852 against stockholders.

Error to Calhoun. Submitted Oct. 23. Decided Oct. 31.

TRESPASS ON THE CASE. Plaintiffs bring error.

*Chas. S. May* and *Thos. G. Pray* for plaintiffs in error.

*L. D. Dibble* and *Ashley Pond* for defendant in error.

MARSTON, J. This was an action of assumpsit brought by the plaintiffs in error against the defendant, in which they sought to charge him, as an alleged stockholder of the Peninsular Railway Company, with the amount of a judgment recovered against the company for an alleged indebtedness for labor.

The case was tried by the court without a jury. There was a finding of facts by the court and judgment thereon for the defendant. The case comes here for review upon the findings made.

Upon the argument it was urged that the principal and by far the most important question in the case is the one relating to the constitutionality of the act of 1877, being Act No. 141, p. 129.

It is a cardinal principle with courts not to pass upon the constitutionality of acts of the Legislature, unless where necessary to a determination of the case. Whatever view we might take of the act referred to, it could have no influence or bearing in this case, as the finding of the court upon the facts in the case was fatal to the right of plaintiff to recover.

The court found as matter of fact that the plaintiffs on the trial failed to prove that the defendant Eldred was a stockholder within the meaning of the statute under which the plaintiff sought to recover. The court then proceeded to set forth what appeared from the proofs relating thereto, and also to set forth that portion of the testimony bearing thereon, but as we cannot draw conclusions of fact from the evidence or proofs in the case, but are bound by the facts as found by the court, we need not refer to the evidence accompanying the finding of fact. It requires no argument to demonstrate the fact that plaintiffs could not recover in this case unless Eldred was a stockholder. If they failed to establish that fact there was an end of their case, no matter what the showing might have been in all other respects.

The court also found that the orders for labor were taken by plaintiffs as assignees, and under an arrangement with the president of the corporation that plaintiffs should hold them for ninety days, and if not then paid, that they should thereafter draw ten per cent interest, and that an agreement to that effect was endorsed thereon by the president; that judgment was afterwards recov-

ered upon these orders, and interest thereon at ten per cent. included therein.

This brings the case within *Hanson v. Donkersley*, 37 Mich., 184, and was fatal to plaintiffs' right to recover.

The judgment must be affirmed with costs.

The other Justices concurred.