131   353
f143  534

TOWNSHIP OF GLADWIN *v.* TOWNSHIP OF BOURRETT.

1. TOWNSHIPS—DIVISION—ADJUSTMENT OF LIABILITIES—CONSTITU-
TIONAL LAW.
It being found that 1 Comp. Laws, § 3462 *et seq.*, providing for
an adjustment of rights and liabilities on a division of the
territory of a township, applies to this case, the question
raised as to the constitutionality of section 2414 is not decided.

2. SAME—JUDGMENTS—CONCLUSIVENESS.
Where a township is divided after a suit has been commenced
against it and before judgment, the new township, on an
accounting between it and the old one, is bound by the judg-
ment.

3. SAME—CONSTRUCTION OF STATUTE.
1 Comp. Laws, § 3462 *et seq.*, purporting to cover cases where
land is detached from one township and attached to another
or organized into a new one, applies also where a township
is formed by taking territory from two existing townships,
especially where the act creating the new township recognizes
that liability may attach to it from the fact of organization.

4. SAME—UNCOLLECTED TAXES.
Where a township is divided, uncollected taxes should be
apportioned between the respective townships, when collect-
ed, in the same proportion as other credits.

Appeal from Gladwin; Sharpe, J. Submitted Feb-
ruary 20, 1902. (Docket No. 6.) Decided September 17,
1902.

Bill by the township of Gladwin against the township
of Bourrett for an accounting. From a decree for com-
plainant, defendant appeals. Affirmed.

*Campbell & Foster*, for complainant.

*G. W. Davis*, for defendant.

MOORE, J. Surveyed township No. 19 N., of range 2
E., now part of the township of Bourrett, was formerly

part of the township of Gladwin. It is the claim of complainant that said surveyed township should bear its share of the liabilities of said township of Gladwin, less the assets of the township, as they existed at the time the division was made; and that, as this claim was disputed, it was justified in commencing this proceeding in chancery to enforce its claim. From a decree made in favor of complainant, the defendant has brought the case here by appeal.

The circuit judge filed a written opinion in the case, excerpts from which will aid in understanding the questions involved. Among other things, he said:

"This suit is brought for an accounting between the townships, complainant and defendant. By act of the legislature of 1897 (Local Act No. 422), township 19 N., of range 2 E., was detached from the township of Gladwin, of which it had theretofore formed a part, and, with township 20 N., of range 2 E. (by said act detached from the township of Clement), organized into a new township, to be known as the 'Township of Bourrett.' This act took effect on the 5th day of May, 1897.    *    *    *

"The items which compose complainant's claim consist of a judgment rendered in favor of the county of Gladwin against the complainant township in June, 1897, for $20,-717.41, but afterwards compromised by the county at $7,000, and certain outstanding contingent and highway orders. It is claimed by defendant's counsel that this judgment, having been rendered after the act organizing said defendant township took effect, is not binding upon it. Even if we concede this, the evidence in this case satisfies me that the amount of such indebtedness from the township of Gladwin to the county of Gladwin was at that time more than $7,000, so the defendant township is benefited by the compromise, and has no cause for complaint. It is admitted that this item of $7,000 has been reduced by payment of $465.32, and I find that the defendant township is liable to pay its proportion of the balance of $6,534.68."

A decree was made in the case, the important provisions of which are as follows:

"That a joint meeting of the township boards of the

townships of Gladwin and Bourrett was called to meet on the 6th day of December, 1897, for the purpose of apportioning the rights, moneys, credits, and personal estate and the debts owing by the said township of Gladwin; that such meeting was held, and an attempt to make such an apportionment was made, but the township board of the township of Bourrett neglected and refused to arrive at a settlement of the matters and things in difference between said townships as provided by law.

"That, at the time said act took effect, said township of Gladwin was indebted to the county of Gladwin in the sum of $6,534.68, and upon outstanding contingent orders bearing date less than six years before May 5, 1897, in the sum of $756.18; and that on said date the total value of the personal property of complainant township was the sum of $410, leaving a balance of indebtedness over personal property of $6,880.74, of which the defendant township should bear its proportion.

"That the assessed valuation of said township 19 N., range 2 E., for the year 1896, was the sum of $74,740, and the assessed valuation of the whole township of Gladwin for the said year was the sum of $190,780, and that taking a proportion of the aforesaid balance according to the said assessed valuation gives the sum of $2,695.12.

"That the above-mentioned local act provides that any indebtedness incurred by the township of Bourrett by reason of the passage of said act, to the township of Gladwin, shall be paid from taxes assessed from the taxable property in said township 19 N., range 2 E.

"That on the 5th day of May, 1897, there were large amounts of uncollected taxes for 1896 and prior years upon the territory theretofore comprised in the said township of Gladwin, which said taxes, if thereafter collected, would in part belong to said township of Gladwin, and such part should, when collected, be apportioned with the defendant township in a proportion of the foregoing assessed valuation.

"It is therefore ordered, adjudged, and decreed that said defendant pay to said complainant the sum of two thousand six hundred and ninety-five dollars and twelve cents, together with complainant's costs of suit to be taxed; that the said amount, with interest thereon at six per cent. per annum from the date of the decree, be paid from taxes assessed and levied upon the taxable property in surveyed township 19 N., of range 2 E., that being a part of defend-

ant township. And it is further ordered, adjudged, and decreed that this decree shall be final as to all matters and things in difference between the parties arising from the detachment of surveyed township 19 N., of range 2 E., from the township of Gladwin, and making the same a part of the township of Bourrett, except as to township taxes of 1896 and prior years levied upon the tax rolls of Gladwin township, and collected after the 5th day of May, 1897, which said taxes, when collected, shall be paid to defendant township in the proportion fixed by the aforesaid valuations,—that is, in the proportion of 74,740 to 190,780,—. and, if not so paid to defendant township, or not so apportioned to the said parties by the treasurer of Gladwin county, then either party may petition the court in this cause for a further accounting in relation to said township taxes collected."

The solicitors are not agreed under what statute this proceeding is commenced. The defendant's counsel claims it is brought under the provisions of section 8, chap. 20, 1 How. Stat., and devotes a good many pages of his brief to show said section is unconstitutional and void. The solicitors for complainant claim the provisions of sections 3462–3471, 1 Comp. Laws, apply to the case as stated in the bill and made by the testimony. We agree these provisions do apply, and that it is not necessary to decide whether section 8, chap. 20, 1 How. Stat., is unconstitutional or not.

Counsel for defendant insists that there were included in the judgment of the county against the township of Gladwin a great many illegal items, and that said township was not indebted to the county. These items are considered in detail in the brief of counsel, and an argument is made to show the illegality of the various items. We have examined the record with sufficient care to be convinced that the court did not err in concluding that there was in any event more than $7,000 due from the township to the county, but we do not think that is now an open question. While township 19 N., range 2 E., was a part of the township of Gladwin, the county of Gladwin sued the township. The township caused its

appearance to be entered. By proper pleadings an issue was framed, and a trial had. All this occurred before a division of the township. It is true the formal judgment was not entered until a few days after the division of the township occurred, but township 19 N., range 2 E., was just as much represented in that proceeding as was any other portion of the township, and was just as much bound by the judgment which was reached. See 2 Black, Judgm. §§ 534, 584, and the cases there cited.

It is insisted by counsel that the provisions of the statute apply only when land is detached from a city or township and attached to a city or township, or organized into a new township; that, as the township of Bourrett is now made up of a surveyed township taken from the township of Clement and one from the township of Gladwin, it makes a case outside of the statute, and within the provisions of the common law. It is further urged that when the legislature creates a new township out of a portion of the territory of an old one, without making other provision, such old township is liable for all debts contracted before the separation, and retains all its property, rights, and credits; citing cases.

We cannot agree with counsel in this construction of the statute. It is a matter of common knowledge that, when the State was new, the townships, when organized, frequently embraced more than one surveyed township; that as the country became improved, and more thickly settled, the large townships were divided, and new townships were created, until in the older and more thickly-settled portions of the State the townships, as a rule, now consist of one surveyed township. It was evident that, when these changes were made, some rule ought to be provided for the fair and equitable division of the assets and liabilities of the larger townships between the smaller ones formed by making the divisions of larger townships; and it was to meet these emergencies that the statute was passed. The provisions of this statute were doubtless in the minds of the legislature when Act No. 422, Local Acts

1897, creating the new township of Bourrett, was enacted. It was also doubtless advised of the fact that the county of Gladwin then had a suit pending against the township of Gladwin for a claimed indebtedness. This is indicated by that portion of the local act reading as follows:

"SEC. 6. Any liability which attaches to the township of Bourrett by reason of the detaching of either of the surveyed townships composing it from the towns to which they severally belonged shall be paid from a fund raised by taxes assessed solely upon that surveyed township by reason of whose detachment such liability was incurred."

Had township 19 N., range 2 E., remained a part of the township of Gladwin until the county obtained its judgment, the property therein would have had to pay its proportion of the judgment; and the legislature very properly provided, as we think, that it should not escape liability by becoming detached and made a part of another township.

We now come to the more difficult question of whether the court made a right disposition of the uncollected taxes. These taxes may or may not be collected. It is a matter of common knowledge that, after the timber has been removed, the land is not in some localities regarded as worth the taxes levied against it, the taxes are never paid, and the title comes back to the State. In some instances, after sufficient time has elapsed, the lands are made subject to homestead entry. No court can tell in advance what portion of these delinquent taxes will be paid. The decree would seem to provide the only possible way of working out substantial justice.

The decree is affirmed, with costs.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.