PEOPLE *v.* QUIDER.

1. CRIMINAL LAW — USURY — COMPLAINT — OFFENSE CHARGED — STATUTES.

A complaint charging respondent with being the agent and manager of a loan company that was engaged in business under an assumed name, that respondent did loan $25 to a person named at a rate of interest in excess of seven per cent. contrary to the provisions of Act No. 105, Pub. Acts 1911, without procuring a license under the ordinance of the city of Detroit relating thereto and without paying the required license fee or filing a bond, in behalf of himself, the company, or proprietors thereof, stated an offense: it was not necessary to aver that he was not acting in a representative capacity which would render the act lawful.

2. SAME.

A single loan violated the act: it was not necessary to charge respondent with engaging in the business.

3. SAME—CRIMINAL LAW—INTEREST.

In criminal proceedings the accused is entitled to demand and

know the nature and cause of the accusation against him, and though a detailed recital of the evidence is not required, the elements of the offense must be so stated that he can know what he is to meet, and prepare for his defense.

4. SAME—EVIDENCE—JUDICIAL NOTICE—ORDINANCES.

Courts take judicial notice of public acts, general or local, passed by the legislature, but not of private laws or municipal ordinances. Municipal courts may take notice of local ordinances without proof, but courts of general jurisdiction must have evidence of the proper enactment and publication of ordinances.

5. SAME — RECORDER'S COURT OF CITY OF DETROIT—JURISDICTION —EVIDENCE.

The recorder's court of the city of Detroit, while in certain particulars and for certain purposes a municipal court, is nevertheless in its most important functions a State court of original jurisdiction, authorized to administer the general laws of the State.

6. SAME—JUDICIAL NOTICE.

In trying respondent for usury under the statute, the recorder's court of the city of Detroit erred in taking judicial notice of the city ordinance requiring a license fee of loan companies and others.

7. SAME.

Other points raised being decisive of the case in appellant's favor, the court refuses to pass upon the constitutionality of the act.

Exceptions before sentence from the recorder's court of the city of Detroit; Connolly, J. Submitted June 20, 1912. ( Docket No. 141.) Decided October 2, 1912.

Gordon W. Quider was convicted of taking usury. Reversed.

*Hugh Shepherd,* Prosecuting Attorney, and *Arthur W. Kilpatrick,* Assistant Prosecuting Attorney, for the people.

*Ormond F. Hunt,* for respondent.

STEERE, J. In this case respondent was prosecuted and

convicted in the recorder's court in the city of Detroit of loaning money in said city and charging interest thereon in excess of 7 per cent. per annum without having first obtained a license from the city authorities, in violation of Act No. 105 of the Public Acts of 1911; the same being entitled "An act relative to. the loaning of money and prescribing rates of interest, penalties and forfeitures for violation of the provisions of such act and repealing," etc., certain previous acts. Complaint for such alleged offense was made, in the first instance, before, and warrant issued out of, the police court of said city. When respondent was arraigned in said court, his counsel appeared specially, and moved to quash the complaint and warrant for various reasons set forth in writing and duly filed in the court and cause. Said motion was overruled, and a trial ordered, resulting in defendant being found guilty by the police justice. An appeal was taken and the proceedings removed to the recorder's court, where said motion to quash was renewed and argument had thereon; a written opinion on such motion being subsequently filed and entered denying the same, and ordering that said cause proceed to trial. Counsel for respondent then orally objected to a jury being sworn to hear the case on the ground that the complaint and warrant were insufficient for various reasons stated, and that the law under which the proceedings were instituted was invalid. This objection was overruled, and a jury was sworn by direction of the court. Respondent's counsel then moved the court to discharge said jury for the reasons previously given, which motion was denied. To these several rulings exceptions were timely taken. A trial followed resulting in conviction as stated.

The complaint, which the warrant followed in stating the offense, charges that respondent—

"Being then and there agent and manager of American Loan Company, which said American Loan Company is an assumed name, the name or names of the owner or owners of which are unknown to

this complainant, did then and there loan a certain sum of money, to wit, the sum of $25, in the city of Detroit, to the said Philip Hibbert, and did then and there unlawfully charge interest and other compensation therefor in excess of the rate of 7 per cent. per annum on the said loan of twenty-five dollars ($25.00), without they, the said Gordon W. Quider, the said American Loan Company, or the said owner or owners of the said American Loan Company, or either of them, first obtaining, nor without having in force and effect, a license for carrying on such business in the said city of Detroit, in which said business is to be transacted and without having made application to the proper authority of the city of Detroit for a license for carrying on the business of making loans under the terms of Act No. 105 of the Public Acts of the State of Michigan for the year 1911, and without having paid to the treasurer of the city of Detroit the license fee required by the terms of said act to be paid, and which said license fee has been fixed by the common council of the city of Detroit by Ordinance No. 341, approved August 7th, 1911, to be the sum of two hundred dollars, and without having given to the city of Detroit a bond approved by the common council of the said city of Detroit in the penal sum of one thousand dollars ($1,000.00), as provided by the terms of said Act No. 105, contrary to the form of the statute," etc.

On the trial, testimony was introduced by the prosecution tending to show that, on the date alleged, one Philip Hibbert, an employé of the Packard Automobile Company, who testified that he could figure interest, read and write English, and was receiving wages of 30 cents an hour, borrowed of respondent $25, for which he was to pay $7.50 per month for five consecutive months; that he paid one installment of $7.50, and subsequently, learning he was paying too much, went to a Mr. Cone, of the Provident Loan, who took it off his hands, and settled the debt for $25 and 7 per cent. interest. The prosecution also proved by city officials that neither respondent nor the American Loan Company had obtained a license or filed a bond, as the statute requires of those loaning money in the city at a rate of interest in excess of 7 per cent. No

proof was made or offered of City Ordinance No. 341, by which it is alleged in the complaint that a license fee had been fixed, and no copy of any ordinance appears in the printed record.

When the prosecution concluded its testimony and rested, respondent's counsel moved the court to direct a verdict for the defense, for the reason that no case had been made out against him, saying, amongst other things:

" There is nothing in the case to show that Gordon W. Quider charged, and, when I say 'charged,' you understand I mean, not in this case, there was no assent on the part of the defendant (borrower) to pay. A man can make a request, but, if it is not assented to, it is not within the meaning of the statute. That is in addition to the other reasons stated in the motion to quash. There has no case been made out here to go to the jury, and I ask your honor to direct a verdict in favor of the defendant."

Which motion was overruled and exception taken. The sufficiency of the people's testimony to establish a *prima facie* case as charged, the sufficiency of the charge as set out in the complaint, and the validity of the law under which the prosecution is brought are the questions saved at the trial, and now urged against the judgment brought here for review.

It is urged against the complaint and warrant that they are fatally defective upon their face because "not sufficiently specific as to facts, and do not legally apprise the defendant of the charge which was attempted to be made against him." Briefly stated, the alleged defects are: that there is no averment Quider or the American Loan Company was engaged in the business of loaning money; it is not clearly charged that in making said loan Quider was acting either for himself or as agent of the American Loan Company; that no negative averment shows he was not acting for some person who had a license, and the averment that he "did then and there unlawfully charge interest and other compensation therefor in excess of 7 per cent. per annum is a conclusion," defendant being en-

titled to be informed of what the transaction was as claimed by the prosecutor. The statute does not require it to be alleged or proven that respondent was regularly engaged in the business of loaning money, or the capacity in which he acted in making the loan. While it is stated in the complaint, descriptively, that Quider was agent and manager of the American Loan Company, which was an assumed name, the owners being unknown, and that no such company had been licensed in Detroit to loan money at a rate of interest in excess of 7 per cent. per annum, he is nevertheless charged personally with the offense. We know of no rule of pleading requiring an allegation that a person directly charged with a statutory offense, distinctly stated in words equivalent to the language of the statute, was not acting in some capacity which made his conduct lawful.

A single loan made by any person not authorized by the act is an offense in violation of it. Section 4 of said act provides that:

"No person, partnership, association or corporation shall loan any money in this State when a higher rate of interest than seven per cent. per annum is charged therefor, nor engage in the business of making loans under the terms of this act, and charge or receive a higher rate of interest than seven per cent. per annum, without first obtaining, nor without having in force and effect a license for carrying on such business."

The particular offense charged in this case is loaning money in the city of Detroit at a greater rate of interest than 7 per cent. per annum without a license.

In criminal proceedings the accused is entitled to demand and know the nature and cause of the accusation against him. Beyond that, technical elaboration of pleadings fails to subserve the ends of justice, and becomes but ingenious pitfalls for one side or the other. In charging the offense, a detailed recital of the evidence by which it will be established is not required. Such facts must be averred that, if admitted, would constitute the offense and

establish the guilt of the accused. The elements of the offense must be so stated that he can know what he is to meet and prepare for his defense. The particular transaction must be so identified that his acquittal or conviction will be a bar to a subsequent prosecution for the same offense. The complaint plainly charges the respondent with loaning $25 to Philip Hibbert, in the city of Detroit, on September 28, 1911, at a rate of interest exceeding 7 per cent. per annum, without having obtained a license as required by statute. There is sufficient identification by date, place, amount, person, and circumstance to bar any subsequent prosecution for the same offense, and the charge is sufficiently plain and definite that respondent, without professional aid, would certainly understand the nature and cause of the accusation against him, know what he is to meet, and be able to prepare his defense. Although, perhaps, not ideal in form, we think the complaint, taken as a whole, clearly describes and charges a violation of the statute, and is sustained by former adjudications of this court. *Morrissey* v. *People,* 11 Mich. 327; *People* v. *Kennedy,* 105 Mich. 75 (62 N. W. 1020); *People* v. *Butler,* 122 Mich. 35 (80 N. W. 883); *People* v. *Glazier,* 159 Mich. 528 (124 N. W. 582); *People* v. *Stewart,* 167 Mich. 417 (132 N. W. 1071).

The complaint alleges, as a necessary complement of Act No. 105, Pub. Acts 1911, Ordinance No. 341 of the city of Detroit, which fixes the license fee in such cases. No proof of this ordinance was introduced at the trial, no copy appears in the printed record, and, so far as shown, no copy was before the trial court. It is urged in behalf of the defense that this is a fatal omission, for, without proof of such essential allegation, the prosecution failed to make out a *prima facie* case. To meet this objection, counsel for the people contend that the recorder's court is a municipal court, and, as such, will take judicial notice of a municipal ordinance.

It is a well-established rule of law that courts will take judicial notice of public acts, both general and local,

passed by the State legislature, but not of private laws or ordinances passed by the common council of a city or board of trustees of a village. Section 10193, 3 Comp. Laws (4 How. Stat. [2d. Ed.] § 12837), especially prescribes the method of proving the latter in courts of justice throughout the State.

The charter of the city of Detroit also provides for printing and publishing its ordinances. When published under authority of the common council and certified by the city clerk under his hand and the seal of the city, they are admitted as evidence in all courts within the State, when offered; but no such offer is shown to have been made in this case. When not offered, they are only recognized in suits brought in municipal courts for their violation. *Napman* v. *People*, 19 Mich. 352. Without reviewing the numerous authorities cited by counsel on the respective sides, it can be accepted as well established that courts of general jurisdiction do not judicially notice municipal ordinances. In proceedings where they become important in such courts they must be proven before they can be considered; but a municipal court, when called upon to enforce city ordinances, or in passing upon matters relating to municipal affairs in which such ordinances are involved, will take judicial notice of their existence. 17 Am. & Eng. Enc. Law (2d Ed.), p. 937; 16 Cyc. p. 896; 4 Wigmore on Evidence, § 2573; *Motz* v. *City of Detroit*, 18 Mich. 495. The recorder's court of the city of Detroit, while in certain particulars and for certain purposes a municipal court, is, nevertheless, in its most important functions a State court of original jurisdiction authorized to administer the general laws of the State. The charter of the city of Detroit for 1904 (section 290), provides, among other things, that—

"Said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State, for crimes, misdemeanors and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit," etc.

For their services in that connection, the judges of the recorder's court are paid from the treasury of the State of Michigan the same salary payable to the circuit judges. While it is true that the recorder's court also has special jurisdiction in certain municipal affairs, yet, when it is trying offenders for crimes prescribed by State laws, it has the same jurisdiction, is exercising the same authority, and is governed by the same rules as the circuit courts throughout the State. When acting in such capacity, said court can no more take judicial notice of municipal ordinances than can the circuit courts.

In the early case of *People* v. *Jackson*, 8 Mich. 78, in deciding that the recorder's court of Detroit could not reserve for the Supreme Court questions arising on trials for violation of ordinances, it was clearly pointed out that in each capacity the laws applicable to that capacity govern. Referring to its authority to try breaches of city ordinances, the court said:

" In the last instance he acts in the capacity of a municipal officer simply, and in the enforcement of laws of which we cannot take judicial cognizance; while in the first instance he acts under general laws, and exercises the power of a circuit judge."

This is a prosecution under a general law of the State. The recorder's court when trying it was not a municipal court, but a State court and its judge exercised the powers of a circuit judge. As such he could not take judicial notice of a municipal ordinance. In failing to prove the ordinance as alleged in the complaint, the prosecution failed to make out a *prima facie* case, and, as the case then stood, the motion of respondent's counsel for a directed verdict should have been granted. As this objection is fatal to the verdict complained of and calls for a reversal of the case, it becomes unnecessary to pass upon the validity of the statute, which is attacked as a bungling and unconstitutional piece of legislation.

Constitutional questions will not be passed upon when other decisive questions are raised by the record which

dispose of the case.   *Weimer* v. *Bunbury*, 30 Mich. 201;
*Upton* v. *Kennedy*, 36 Mich. 215; *Powell* v. *Eldred*,
39 Mich. 552; *Allor* v. *Wayne County Auditors*, 43
Mich. 76 (4 N. W. 492); *Township of Gladwin* v.
*Bourrett Township*, 131 Mich. 353 (91 N. W. 618);
*Dubuque, etc., R. Co.* v. *Diehl*, 64 Iowa, 635 (21 N. W.
117); 8 Cyc. p. 798.

For the reason stated, the conviction is reversed and a
new trial granted.

MOORE, C. J., and MCALVAY, BROOKE, STONE,
OSTRANDER, and BIRD, JJ., concurred.