PEOPLE *v.* MEISNER.

1. AUCTIONS AND AUCTIONEERS—MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCE—CRIMINAL LAW.

Only an auctioneer can violate the ordinance of the city of Detroit prohibiting any person "doing business as a duly licensed auctioneer" from selling goods except on week days between the hours of 8 a. m. and 6 p. m. A pawnbroker who was not licensed as an auctioneer and who carried on a sale by licensed auctioneer could not be guilty of violating its terms.

2. SAME—CRIMINAL LAW—MISDEMEANORS.

Even in the case of a misdemeanor, if the accused cannot legally be guilty as a principal, as is sometimes the case where the offense can only be committed by a certain class of persons, and the defendant does not belong to the class, he cannot be charged as a principal for aiding and abetting; if he is indictable at all, he must be indicted for aiding and abetting as a substantive offense.

3. CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION—APPEAL AND ERROR.

The constitutionality of an ordinance will only be passed upon if the determination is necessary to a decision of the case presented on appeal.

Certiorari to the recorder's court of the city of Detroit; Connolly, J. Submitted November 6, 1913. (Docket No. 85.) Decided December 20, 1913.

Benjamin Meisner was convicted of violating an ordinance. Reversed.

*Thomas P. Penniman (Richard I. Lawson,* of counsel), for the people.

*Fred A. Baker,* for respondent.

BROOKE, J. Defendant reviews by certiorari a

judgment of the recorder's court of the city of Detroit, where he was convicted of a violation of an ordinance of said city. The ordinance in question is entitled: "An ordinance to license and regulate auctioneers and auctions held within the city of Detroit." Section 12a thereof, under which defendant was prosecuted, follows:

"No such person doing business as a duly licensed auctioneer shall operate a public auction room, or sell goods at public auction, within the meaning of this ordinance, except on week days between the hours of 8 a. m. and 6 p. m. Any person convicted of a violation of the provisions of this section shall be fined not less than $25.00 and not more than $100.00 for each offense, and in default of the payment of any such fine the offender may be punished in accordance with the provisions of section 14 of this ordinance."

The complaint does not allege, nor did the people prove, that at the time of the commission of the alleged offense defendant was a licensed auctioneer. On the contrary, it appeared that he was not, but that he was a licensed pawnbroker. It further appeared that the sales made were not made by defendant but were made by another, a duly licensed auctioneer. Upon this point the learned associate recorder charged the jury that the offense charged was a misdemeanor, and that, if defendant aided and abetted the auctioneer who made the sales, he could be held guilty as a principal. This ruling raises the only question we find it necessary to consider.

It is, we think, very clear that the offense created by the ordinance in question can be committed only by a licensed auctioneer. It is equally clear that defendant does not belong within that classification.

Whenever an ordinance or statute fixes a classification and creates an offense which can be committed only by persons within the class, it is necessary not only to allege but to prove that the accused person

belongs to the class described. *Shannon* v. *People*, 5 Mich. 71.

Where an offense can be committed only by a specified class, aiders and abettors cannot be charged as principals if they are outside the statute designation. In *Shannon* v. *People, supra,* at page 87 of 5 Mich., Justice CHRISTIANCY says:

"But even in a case of misdemeanor, if the person indicted cannot legally be guilty as a principal, as is sometimes the case where the principal offense can only be committed by a certain class of persons (and the defendant does not come within that class), he cannot be indicted as a principal where he only becomes guilty by the aiding and abetting; but if indictable at all, he must be indicted specifically for the aiding and abetting, as a substantive offense. This must be so in the nature of things, if there were no authorities to support it."

No opinion is expressed as to the constitutional validity of the ordinance in question. It is not the policy of this court to pass upon constitutional questions until their determination is necessary to a decision of the case presented. *People* v. *Quider,* 172 Mich. 280 (137 N. W. 546), and cases cited.

The judgment is reversed, and defendant discharged.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.