## PEOPLE v WHITE

Docket Nos. 78501, 78639. Submitted November 21, 1984, at Detroit.
—Decided May 15, 1985.

Defendant, Harry White, was charged in two indictments handed
down by a Wayne County Circuit Court Grand Jury. In Court
of Appeals Docket No. 78639, defendant was indicted on one
count of conspiracy to bribe a public official and three counts of
bribery of a public official under an aiding and abetting theory.
A. J. Williams, Morris Levine and Thomas Crawford were
named as coconspirators but not codefendants. In Court of
Appeals Docket No. 78501, defendant was indicted on one count
of conspiracy to cause the acceptance of a bribe by a public
official and two counts of acceptance of a bribe by a public
official. James Wechsler was indicated as a coconspirator and
codefendant on Count I only, and Morris Levine and Edward
Kobitzski were named as coconspirators but not codefendants.
Both indictments arose out of an alleged kickback scheme
involving defendant White (elected Mayor of the City of Ecorse
in November, 1979), Morris Levine (appointed Ecorse City
Engineer in November, 1979), Edward Kobitzski (Levine's rep-
resentative), and other persons. Defendant waived preliminary
examination in both cases. The defendant brought a motion to
dismiss the indictment in both cases. By separate orders en-
tered May 7, 1984, the trial court, Robert J. Colombo, J.,
dismissed all counts of the indictment in No. 78639 and dis-
missed Count I only in No. 78501. The prosecutor appeals from
those orders, as of right in No. 78639 and by leave granted in

REFERENCES

Am Jur 2d, Bribery §§ 6 et seq.

Am Jur 2d, Conspiracy §§ 1 et seq.

Am Jur 2d, Criminal Law §§ 163 et seq.

Prosecution or conviction of one conspirator as affected by disposi-
tion of case against coconspirators. 19 ALR4th 192.

Criminal liability of corporation for bribery or conspiracy to bribe
public official. 52 ALR3d 1274.

Comment note on impossibility of consummation of substantive
crime as defense in criminal prosecution for conspiracy or at-
tempt to commit crime. 37 ALR3d 375.

No. 78501, and the separate appeals were consolidated by the Court of Appeals. *Held:*

1. The trial court errred in dismissing the conspiracy count against White, Count I, in appeal No. 78501 on the ground that no congruent intent existed between White and the other coconspirators. The prosecutor should have been permitted to offer proof at trial of a chain conspiracy involving White, Levine and Kobitzski.

2. Wharton's Rule is inapplicable to this case.

3. The trial court erred in dismissing Counts II, III and IV in Appeal No. 78639. The prosecutor should have been permitted to produce evidence at trial that White aided and abetted the giving of a bribe in violation of MCL 750.121. The crimes of accepting a bribe and giving a bribe are separate offenses. Where the recipient actively participates with those who give the bribe, he is chargeable as an aider and abettor in the crime of giving the bribe. The prosecutor should have been permitted to show that White, in his discussions with Levine and Kobitzski, supported and encouraged by words or deeds the latter persons to give a bribe in violation of MCL 750.121.

4. The trial court erred in dismissing the conspiracy count, Count I, in Appeal No. 78639. The prosecutor was entitled to present evidence that White conspired with the other named parties to cause the giving of a bribe in violation of MCL 750.121. The recipient of a bribe may, as a matter of law, have the necessary intent to conspire with others to give a bribe to himself. The prosecutor may be able to show that White had the specific intent to combine with the other coconspirators with knowledge that they intended to bribe a public official. The twofold intent necessary for conspiracy may be shown at trial.

5. The trial court's orders of May 7, 1984, are reversed and the cases are remanded for trial.

Reversed and remanded.

1. CRIMINAL LAW — CONSPIRACY.

A conspiracy is a partnership in criminal purposes, a mutual agreement or understanding, express or implied, between two or more persons to commit a criminal act or to accomplish a legal act by unlawful means; the gist of the crime of conspiracy lies in the unlawful agreement (MCL 750.157a; MSA 28.354[1]).

2. CRIMINAL LAW — CONSPIRACY — SPECIFIC INTENT.

A twofold specific intent is required for conviction of the crime of conspiracy: the intent to combine with others, and the intent to accomplish the illegal objective (MCL 750.157a; MSA 28.354[1]).

3. CRIMINAL LAW — CONSPIRACY — CIRCUMSTANTIAL EVIDENCE.

A conspiracy may be established by circumstantial evidence, but the circumstances must be within safe bounds of relevancy and be such as to warrant a fair inference of the ultimate facts (MCL 750.157a; MSA 28.354[1]).

4. CRIMINAL LAW — CONSPIRACY — WHARTON'S RULE.

Wharton's Rule is an exception to the general principle that conspiracy and its target offenses are separately punishable; the rule states that an agreement by two persons to commit a substantive crime cannot be prosecuted as a conspiracy where the crime itself necessarily requires the participation and cooperation of two persons; Wharton's Rule bars a prosecution for conspiracy to commit a substantive offense where concerted activity and a plurality of agents are essential elements of the substantive offense.

5. CRIMINAL LAW — AIDING AND ABETTING.

The phrase "aiding and abetting" is used in the criminal law to describe all forms of assistance rendered to the perpetrator of a crime; the phrase comprehends all words or deeds which may support, encourage or incite the commission of a crime, including the actual or constructive presence of an accessory, in preconcert with the principal, for the purpose of rendering assistance, if necessary; the amount of advice, aid or encouragement is not material if it had the effect of inducing the commission of the crime (MCL 767.39; MSA 28.979).

6. CRIMINAL LAW — AIDING AND ABETTING.

A defendant, in order to be convicted as an aider and abettor, must either himself possess the required intent or participate while knowing that the principal possessed the required intent (MCL 767.39; MSA 28.979).

7. CRIMINAL LAW — BRIBERY — AIDING AND ABETTING.

The crimes of accepting a bribe and giving a bribe are separate offenses; therefore, where the recipient of the bribe actively participates with those who give the bribe, he is chargeable as an aider and abettor in the crime of giving the bribe (MCL 750.121, 767.39; MSA 28.316, 28.979).

8. CRIMINAL LAW — BRIBERY — CONSPIRACY.

The recipient of a bribe can, as a matter of law, have the necessary intent to conspire with others to give a bribe to himself and can, therefore, be convicted of conspiring with others to cause the giving of the bribe (MCL 750.121, 750.157a; MSA 28.316, 28.354[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Neil H. Fink,* for defendant.

Before: T. M. BURNS, P.J., and SHEPHERD and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was charged in two indictments handed down by a Wayne County Circuit Court Grand Jury. In Docket No. 78639 (Circuit Court No. 83-731466), defendant was indicted on one count of conspiracy to bribe a public official, MCL 750.121; MSA 28.316, MCL 750.157a; MSA 28.354(1), and three counts of bribery of a public official under an aiding and abetting theory, MCL 750.121; MSA 28.316, MCL 767.39; MSA 28.979. A. J. Williams, Morris Levine and Thomas Crawford were named as coconspirators but not codefendants.

In Docket No. 78501 (Circuit Court No. 83-371476), defendant was indicted on one count of conspiracy to cause the acceptance of a bribe by a public official, MCL 750.118; MSA 28.313, MCL 750.157a; MSA 28.354(1), and two counts of acceptance of a bribe by a public official, MCL 750.118; MSA 28.313. James Wechsler was indicted as a coconspirator and codefendant on Count I only,[1] and Morris Levine and Edward Kobitzski were named as coconspirators but not codefendants.

Defendant waived preliminary examination in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The conspiracy count against codefendant James Wechsler was quashed following a preliminary examination. The prosecutor's appeal from that order is the subject of a separate opinion, *People v Wechsler* (Docket No. 67664, decided May 15, 1985 [unreported]).

both cases. By separate orders entered May 7, 1984, the trial court dimissed all counts of the indictment in No. 78639 and Count I only in No. 78501. The prosecutor appealed from those orders, as of right in No. 78639 and by leave granted in No. 78501, and the separate appeals were consolidated by this Court.

Both indictments arose out of an alleged kickback scheme involving defendant White (elected Mayor of the City of Ecorse in November, 1979), Morris Levine (appointed Ecorse City Engineer in November, 1979), Edward Kobitzski (Levine's representative), and other persons. We address the prosecutor's appeals separately below.

### *Appeal No. 78501*

Count I of the indictment charged that from June 1, 1979, to December 1, 1982, defendant White and codefendant Wechsler, along with Levine and Kobitzski, conspired to cause the acceptance of a bribe by defendant White. Wechsler was bound over following a preliminary examination. On January 26, 1984, the trial court entered an order quashing the indictment as to Wechsler, finding insufficient evidence to support the bindover. Defendant White thereafter moved to dismiss the conspiracy count on the ground that there was no congruent intent between himself, the alleged recipient of the bribe, and the other persons who allegedly conspired to give the bribe.

The Court in *People v Carter,* 415 Mich 558, 567; 330 NW2d 314 (1982), defined conspiracy as:

" '[A] partnership in criminal purposes', *United States v Kissel,* 218 US 601, 608; 31 S Ct 124; 54 L Ed 1168 (1910), a mutual agreement or understanding, express or implied, between two or more persons to

commit a criminal act or to accomplish a legal act by unlawful means."

The gist of the crime of conspiracy lies in the unlawful agreement. *People v Atley,* 392 Mich 298, 311; 221 NW2d 465 (1974). A twofold specific intent is required for conviction: the intent to combine with others, and the intent to accomplish the illegal objective. *People v Carter, supra,* p 568, citing Perkins, Criminal Law (2d ed), ch 6, § 5, p 629. A conspiracy may be established by circumstantial evidence, but the circumstances "must be within safe bounds of relevancy and be such as to warrant a fair inference of the ultimate facts". *People v Beller,* 294 Mich 464, 469; 293 NW 720 (1940); *People v Atley, supra.*

We find that the trial court erred in dismissing the conspiracy count on the ground that no congruent intent existed between White and the other coconspirators. First, the trial court had no evidence to review since defendant White waived the preliminary examination. The record of codefendant Wechsler's preliminary examination could not be used in ruling on White's motion to dismiss.

Second, it was the prosecutor's theory that Levine and Kobitzski not only gave certain bribes to White, but also served as middlemen or "go-betweens" for certain bribes. The prosecutor should have been permitted to offer proof at trial of a chain conspiracy involving defendant White, Levine and Kobitzski.

Wharton's Rule, which is an exception to the general principle that conspiracy and its target offenses are separately punishable, is inapplicable to this case. Wharton's Rule was explained in *People v Carter, supra,* pp 570-571:

"This rule, which operates as a substantive limitation

upon the scope of the crime of conspiracy, states that an agreement by two persons to commit a substantive crime cannot be prosecuted as a conspiracy where the crime itself necessarily requires the participation and cooperation of two persons. Thus, where concerted activity and a plurality of agents are essential elements of a substantive offense, Wharton's Rule bars a prosecution for conspiracy to commit that crime." (Footnote omitted.)

In the present case, more than the two individuals logically necessary to complete the target offense (the recipient of and giver of the bribe) were indicted for violation of the bribery statute. Since the number of alleged conspirators exceeded the number necessary to commit the target crime, Wharton's Rule does not apply. *People v Sesi*, 101 Mich App 256, 265; 300 NW2d 535 (1980), *lv den* 411 Mich 1077 (1981). We conclude that the trial court erred in dismissing the conspiracy count against defendant White.

## *Appeal No. 78639*

Counts II, III, and IV charged that on three occasions in 1980 defendant White aided and abetted A. J. Williams and Thomas Crawford in giving a bribe to himself. Defendant was charged under MCL 750.121; MSA 28.316, which provides:

"Any person interested directly or indirectly in a contract with a state or municipal institution who shall corruptly give, offer or promise to any officer of such institution any bribe, gift, or gratuity whatever, with intent to improperly influence his official action under such contract, shall be guilty of felony."

Defendant was also charged under the aiding and abetting statute, MCL 767.39; MSA 28.979, which states:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

Defendant asserted in his motion to dismiss, and the trial court apparently agreed, that the recipient of a bribe cannot be legally charged with aiding and abetting the giving of that same bribe.

In *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393 (1974), the Court explained the term "aiding and abetting":

"In criminal law the phrase 'aiding and abetting' is used to describe all forms of assistance rendered to the perpetrator of a crime. This term comprehends all words or deeds which may support, encourage or incite the commission of a crime. It includes the actual or constructive presence of an accessory, in preconcert with the principal, for the purpose of rendering assistance, if necessary. 22 CJS, Criminal Law, § 88(2), p 261. The amount of advice, aid or encouragement is not material if it had the effect of inducing the commission of the crime. *People v Washburn,* 285 Mich 119, 126; 280 NW 132 (1938)."

See, also, *People v Cortez,* 131 Mich App 316, 333; 346 NW2d 540 (1984). "To be convicted as an aider and abettor, the defendant must either himself possess the required intent or participate while knowing that the principal possessed the required intent." *People v Turner,* 125 Mich App 8, 11; 336 NW2d 217 (1983); *People v Karst,* 118 Mich App 34, 39; 324 NW2d 526 (1982).

In the present case, the prosecutor should have been permitted to produce evidence at trial that defendant aided and abetted the giving of a bribe in violation of MCL 750.121; MSA 28.316. The

crimes of accepting a bribe and giving a bribe are separate offenses. The recipient of a bribe may act passively and simply accept the gratuity without having participated actively in the conspiracy to give the bribe or in the crime of arranging for the giving of the bribe. However, where the receipient actively participates with those who give the bribe, he is chargeable as an aider and abettor in the crime of giving the bribe. We are aware of no Michigan authority which would per se preclude prosecution for aiding and abetting the giving of a bribe merely because the accused is the recipient of the bribe. Nor has defendant presented any persuasive reason for fashioning such a rule.

Defendant relies on *In re Vickers,* 371 Mich 114; 123 NW2d 253 (1963). In that case the Court considered whether a woman who had an abortion could be charged under a statute which declared a person guilty of a felony who, under certain circumstances, performed an abortion upon a woman. The statute did not provide that the woman herself would be guilty of an offense. Relying on *People v Meisner,* 178 Mich 115; 144 NW 490 (1913), the Court held that the woman could not be convicted as an aider and abettor under the statute.

In *Meisner,* p 117, the Court stated:

"Where an offense can be committed only by a specified class, aiders and abettors cannot be charged as principals if they are outside the statute designation. In *Shannon v People* [5 Mich 71, 87 (1858)], Justice Christiancy says:

" 'But even in a case of misdemeanor, if the person indicted cannot legally be guilty as a principal, as is sometimes the case where the principal offense can only be committed by a certain class of persons (and the defendant does not come within that class), he cannot be indicted as a principal where he only becomes guilty

by the aiding and abetting; *but if indictable at all, he must be indicted specifically for the aiding and abetting, as a substantive offense.* This must be so in the nature of things, if there were no authorities to support it.' " (Emphasis added.)

In this case defendant was specifically indicted as an aider and abettor under the statute. We find nothing in *Vickers* or *Meisner* which would preclude defendant's indictment as an aider and abettor.

The prosecutor should have been permitted to show that defendant, in his discussions with Levine and Kobitzski, supported and encouraged by words or deeds the latter persons to give a bribe in violation of MCL 750.121; MSA 28.316. The evidence may show that White assisted the crime by his encouragement and solicitation of the bribes. White's participation in the kickback scheme with knowledge that the other parties intended to give bribes is sufficient to establish accessory liability. We conclude that the trial court erred in dismissing Counts II, III and IV.

The trial court also dismissed Count I of the indictment, which charged that defendant conspired with A. J. Williams, Morris Levine and Thomas Crawford to cause the giving of a bribe in violation of MCL 750.121; MSA 28.316.

The law of conspiracy is discussed in Appeal No. 78501, *infra.* Since defendant waived the preliminary examination, the trial court had no evidence upon which to review the motion to dismiss. We find that the prosecutor was entitled to present evidence that defendant conspired with the other named parties to cause the giving of a bribe in violation of the statute. As discussed previously, Wharton's Rule does not preclude the prosecution

because the number of alleged coconspirators exceeded the minimum number necessary to commit the crime of bribery of a public official.

We disagree with defendant's contention that the recipient of a bribe cannot, as a matter of law, have the necessary intent to conspire with others to give a bribe to himself. The prosecutor may be able to show that defendant had the specific intent to combine with the other coconspirators with knowledge that they intended to bribe a public official. Thus, the twofold intent necessary for conspiracy may be shown at trial. We conclude that the trial court erred in dismissing the conspiracy count.

The trial court's orders of May 7, 1984, are reversed and the cases are remanded for trial.

Reversed and remanded.