PEOPLE v BRANCH

Docket No. 138480. Submitted July 7, 1993, at Lansing. Decided
    October 7, 1993; approved for publication December 1, 1993, at
    9:10 A.M.
      Scott A. Branch pleaded guilty in the Barry Circuit Court,
      Richard M. Shuster, J., of fleeing and eluding the police, second
      offense, MCL 257.602a(3); MSA 9.2302(1)(3), after a jury found
      that the defendant, while a passenger in an automobile, had
      aided and abetted the driver in attempting to flee and elude
      pursuing police officers. The defendant appealed.
        The Court of Appeals *held:*
        A passenger in an automobile may be convicted of a driving
      offense where the passenger aids and abets the driver in
      committing the offense. In this case, the evidence presented by
      the prosecution and the instructions given by the trial court
      were sufficient to enable the jury to find that the defendant had
      aided and abetted the driver in attempting to flee and elude.
        Affirmed.

CRIMINAL LAW — FLEEING AND ELUDING — AUTOMOBILE PASSENGERS.
      An automobile passenger who aids and abets the driver of the
      automobile in attempting to flee and elude pursuing police
      officers may be convicted of fleeing and eluding a police officer
      (MCL 257.602a; MSA 9.2302[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dale A. Crowley,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

*Kenneth A. Rathert,* for the defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law § 167.
See ALR Index under Aiding and Abetting; Escape or Flight.

Before: MacKenzie, P.J., and Griffin and W. L. Cahalan,* JJ.

Per Curiam. Following a jury trial, defendant was convicted of fleeing and eluding a police officer under § 602a of the Vehicle Code, MCL 257.602a; MSA 9.2302(1). He then pleaded guilty of fleeing and eluding, second offense, MCL 257.602a(3); MSA 9.2302(1)(3), and was sentenced to two to four years' imprisonment. Defendant appeals as of right. We affirm.

The prosecutor presented an aiding and abetting theory at trial. The proofs established that a vehicle driven by Mark Remeur failed to stop for police when signaled to do so. The result was a high-speed chase that lasted twenty to twenty-two miles. At one point, defendant, who was a passenger in Remeur's vehicle, threw approximately twenty-six full cans of beer out the window in the direction of the first police cruiser giving chase. Some of the cans broke open as they hit the front of the cruiser, causing the police to slow down their pursuit. Defendant denied throwing the cans to slow down the police, and stated he threw them because Remeur did not want to get caught with beer. Defendant admitted that he gave Remeur some driving direction, but stated that he did so out of concern for his own safety.

Defendant first contends that his conviction must be reversed because the fleeing and eluding statute applies only to drivers, and the aiding and abetting statute, MCL 767.39; MSA 28.979, cannot be applied to convict nondrivers of fleeing and eluding. We reject defendant's argument. The cases relied on by defendant, *People v Meisner,* 178 Mich 115; 144 NW 490 (1913), and *Shannon v People,* 5 Mich 71 (1858), do *not* hold that a

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant can be convicted as an aider and abettor only if he is a member of the class of persons who can commit the principal crime—here, drivers. Rather, those cases are concerned with the form of the indictment charging the defendants with aiding and abetting, see *People v White,* 147 Mich App 31; 383 NW2d 597 (1985), an issue not raised by defendant here. Instead, case law suggests that a passenger may be charged with aiding and abetting a driving offense. See *People v Hoaglin,* 262 Mich 162; 247 NW 141 (1933). Reversal on this ground is not required.

In a supplemental brief, defendant also contends that the trial court did not properly instruct the jury regarding intent to aid and abet. Again, we conclude that reversal is not required. The basic and controlling issue in this case was whether defendant intentionally assisted Remeur by giving him directions and throwing beer cans at the police, or whether defendant's purpose was merely to get rid of the cans and to prevent an accident. The jury instructions addressed this dispute by defining an aider and abettor as someone who intentionally assists someone else to commit a crime, and by requiring that a fleeing driver be the person aided and abetted. Under these circumstances, we are satisfied that the instruction adequately and fairly presented the issue to be tried. *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986).

Affirmed.