PEOPLE v HALL

Docket No. 95299. Submitted August 17, 1988, at Grand Rapids.
Decided February 7, 1989.

Vianna Kay Hall was convicted of arson of a dwelling house,
attempted murder and attempted manslaughter, Calhoun Cir-
cuit Court, James C. Kingsley, J. Defendant appealed, alleging
error in the instructions on attempted murder, of which she
was charged with two counts. The jury had been instructed
that defendant could be convicted of attempted murder if she
intended to do great bodily harm or intended to create a very
high risk of death or bodily harm with knowledge that death or
great bodily harm would be the probable result of her act.

The Court of Appeals *held:*

1. The crime of attempt is a specific intent crime. The court's
instruction was error. A conviction of attempted second-degree
murder based on a state of mind less than the defendant's
intent to bring about a death may not be sustained.

2. A witness' pending charges may not be used for general
impeachment purposes, but the fact that a prosecution witness
has charges pending is relevant to the issue of the witness'
interest in testifying and may be admitted for that purpose. On
retrial, defense counsel should be allowed to question a witness
about charges pending against him.

3. The trial court erred in instructing the jury on flight.
There was no evidence that at the time defendant left the scene
of the fire she feared apprehension.

Reversed and remanded.

1. Criminal Law — Attempt — Intent — Specific Intent.
   The crime of attempt is a specific intent crime.

2. Homicide — Second-Degree Murder — Attempted Murder —
      Intent — Specific Intent.
   A conviction of attempted second-degree murder based on a state

References

Am Jur 2d, Homicide §§ 565, 566; Witnesses §§ 587-590.

What constitutes attempted murder. 54 ALR3d 612.

Right to impeach witness in criminal case by inquiry or evidence as
to witness' criminal activity for which witness was arrested or
charged, but not convicted. 28 ALR4th 505.

of mind less than the defendant's intent to bring about a death may not be sustained.

3. HOMICIDE — SECOND-DEGREE MURDER — ATTEMPTED MURDER — INTENT — JURY INSTRUCTIONS.

   It is error for a trial court to instruct a jury that the defendant can be found guilty of attempted murder if they find that defendant intended to do great bodily harm or intended to create a very high risk of death or bodily harm with knowledge that death or great bodily harm would be the probable result of the act.

4. WITNESSES — IMPEACHMENT — PENDING CHARGES.

   A witness' pending charges may not be used for general impeachment purposes, but the fact that a prosecution witness has charges pending is relevant to the issue of the witness' interest in testifying and may be admitted for that purpose.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Matthew L. Glaser,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*), for defendant on appeal.

Before: MACKENZIE, P.J., and McDONALD and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant appeals as of right from her jury trial convictions of arson of a dwelling house, MCL 750.72; MSA 28.267, attempted murder, MCL 750.91; MSA 28.286, and attempted manslaughter, MCL 750.321; MSA 28.553. We reverse.

Defendant's convictions arise out of the July 27, 1985, burning of a duplex in which the victims, Dennis Reed and Robert Mapes, were sleeping. Defendant, also a resident of the duplex, allegedly started the fire in an attempt to kill Reed. Although defendant and Mapes were romantically

* Former circuit judge, sitting on the Court of Appeals by assignment.

involved, Reed and defendant apparently did not get along. The night before the fire, Reed had struck defendant, blackening her eye.

Defendant made two statements to the police in which she admitted setting the fire in an attempt to kill Reed. Although defendant was not angry with Mapes, she stated he was in the wrong place at the wrong time. Defendant declined a request to tape record her statement. Both Mapes and Reed escaped and survived the fire. Defendant was charged with arson of a dwelling and two counts of attempted murder.

On appeal defendant claims the trial court erred when instructing the jury on the elements required for a finding of attempted murder. We agree.

Although defendant failed to object to the instruction at trial, we believe failure to review the claim on appeal would result in a miscarriage of justice. *People v Mixon,* 170 Mich App 508; 429 NW2d 197 (1988).

When instructing the jury on attempted murder, the trial court not only read CJI 16:2:01, first-degree premeditated murder, but also CJI 16:3:01, second-degree murder. We believe the reading of 16:3:01 in its entirety constituted error requiring reversal. CJI 16:3:01 states in relevant part:

(7) Fourth, for second-degree murder you must find that the defendant acted with a certain state of mind in causing the death. You must find that the defendant had one of the following states of mind at the time of the killing:

(8) That the defendant intended to kill [name deceased], or

(9) That the defendant intended to do great bodily harm to [name deceased], or

(10) That the defendant intended to create a very high risk of death or great bodily harm with

knowledge that death or great bodily harm was the probable result of [his/her] act.

The problem with CJI 16:3:01 as it applies to the instant case is, here, defendant was not charged with murder but with attempted murder, there being no death. An essential element of the crime of attempt is an attempt to commit the substantive crime, thus rendering attempt a specific intent crime. *People v Bauer,* 216 Mich 659; 185 NW 694 (1921); *People v Genes,* 58 Mich App 108; 227 NW2d 241 (1975). The application of the specific intent crime of attempt to a general intent crime, such as second-degree murder, *People v Langworthy,* 416 Mich 630; 331 NW2d 171 (1982), was discussed in *Genes, supra,* where this Court addressed the requirements necessary to support a conviction of attempted manslaughter. The *Genes* Court cited with approval the following comments to § 1001 of the Michigan Revised Criminal Code, page 82:

> The proposed definition of attempt follows the conventional pattern of limiting this inchoate crime to purposeful conduct, *i.e.,* the actor must have an "intent to commit a specific offense." Thus, where criminal liability rests on the causation of a prohibited result, the actor must have an intent to achieve the result even though violation of the substantive offense may require some lesser *mens rea.* Reckless driving, for example, does not constitute attempted manslaughter. A person charged with the substantive crime of manslaughter may be liable as a result of negligence or recklessness causing death, but the same recklessness would not be sufficient if the victim did not die and the actor were only charged with attempt; here, the state would have to show an intent to achieve the prohibited end result, death of the victim. In this area, as in others if the substantive

crime requires only recklessness, the *mens rea* requirement for an attempt is substantially higher than that for the substantive crime.

Just as there can be no conviction of attempted manslaughter based on defendant's negligent or reckless behavior, there cannot be a conviction of attempted second-degree murder based on any state of mind less than a defendant's intent to bring about the prohibited result, death. Thus, in the instant case the trial court erred in instructing the jury that defendant could be found guilty of attempted murder if they found defendant intended to do great bodily harm or intended to create a very high risk of death or bodily harm with knowledge that death or great bodily harm would be the probable result of the act.

To summarize, although a defendant may be charged with and convicted of attempted manslaughter or attempted second-degree murder, both crimes require a showing that the defendant intended to bring about a death, and may not be based on a defendant's negligent or reckless actions.

Defendant also claims violation of her right to confrontation as defense counsel was denied the opportunity to cross-examine a prosecution witness about the witness' pending criminal charges.

Prior to the taking of testimony the prosecutor moved to exclude references to criminal charges pending against Det. Robert Baker. The trial court ruled improper under MRE 609 any reference to Baker's pending charges, as the charges had not yet resulted in a conviction. Although, normally, a witness' pending charges may not be used for general impeachment purposes, *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), the fact that a prosecution witness has charges pending is par-

ticularly relevant to the issue of the witness' interest in testifying and may be admitted for this purpose. *People v Whitty,* 96 Mich App 403; 292 NW2d 214 (1980). Moreover, a defendant need not first demonstrate that some sort of deal exists before impeaching the witness in this manner as the cross-examination is a proper means to attempt to illicit the existence of a possible interest. *Whitty, supra.*

Thus, on retrial defense counsel should be allowed to question Baker concerning the charges pending against him as they may have related to Baker's motives for testifying. We note that had this been the only alleged error on appeal, there would be no error requiring reversal. At trial defense counsel failed to object to the prosecution's motion on these grounds. *In re Davis,* 166 Mich App 735; 420 NW2d 872 (1988). Instead, defense counsel argued that evidence of Baker's pending charges was admissible for general impeachment purposes. The trial court properly excluded the evidence for general impeachment purposes. *Falkner, supra.*

Defendant next claims the trial court erred in instructing the jury on flight over defense counsel's objection. We agree.

We find no indication in the record that defendant feared apprehension at the time she left the scene of the fire. Instead, the testimony indicated defendant merely walked away after setting the fire. Thus, as we believe mere departure from the scene is insufficient to give rise to "flight" in the legal sense, we find no evidence to support the giving of the flight instruction.

We have reviewed defendant's remaining issues and find them to be without merit.

Reversed and remanded.