PEOPLE v GRAHAM

Docket No. 175926. Submitted August 6, 1996, at Lansing. Decided November 5, 1996, at 9:10 A.M. Leave to appeal sought.

Calvin D. Graham was convicted by a jury in the Genesee Circuit Court, Earl E. Borradaile, J., of attempted murder by means other than assault and of arson of a dwelling house. The defendant pleaded guilty of being a fourth-offense habitual offender and was sentenced as an habitual offender to 26⅔ to 50 years of imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. The conviction of attempted murder was supported by evidence from which a rational trier of fact could have found that the elements of the crime, including the intent to kill, were proved beyond a reasonable doubt.

2. The trial court erred in instructing the jury that it could convict the defendant of attempted murder if the evidence established that the defendant had an intent to kill or to create a high risk of death or great bodily harm. The requisite intent is intent to kill. The conviction of attempted murder must be reversed.

3. Claims of ineffective assistance of trial counsel relating to the conviction of attempted murder need not be addressed in light of the reversal of that conviction, and the other claims of ineffective assistance are without merit.

4. No objection was raised at trial with respect to the instances of prosecutorial misconduct claimed by the defendant. Failure to review those claims will not result in a miscarriage of justice because any prejudice could have been cured by timely instructions.

5. Review of sentencing issues would be premature in light of the reversal of the conviction of attempted murder.

Affirmed in part, reversed in part, and remanded.

HOMICIDE — ATTEMPTED MURDER — JURY INSTRUCTIONS — INTENT.

An intent to kill is required for conviction of attempted murder by means other than assault; a trial court errs in instructing a jury that it may convict a defendant of attempted murder by means other than assault if the evidence establishes that the defendant intended

to kill or to create a high risk of death or great bodily harm (MCL 750.91; MSA 28.286).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Earl R. Spuhler*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Valerie R. Newman*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and HOEKSTRA and E. A. QUINNELL,* JJ.

HOEKSTRA, J. Following a jury trial, defendant was convicted of attempted murder by means other than assault, MCL 750.91; MSA 28.286, and arson of a dwelling house, MCL 750.72; MSA 28.267. Thereafter, defendant pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced as an habitual offender to 26⅔ to 50 years' imprisonment. He now appeals as of right. We reverse in part, affirm in part, and remand.

Defendant's convictions stem from a fire he started at the home of his former girlfriend. The victim was awakened at approximately 4:00 A.M. by the smell of smoke. She observed flames outside her home and attempted to call 911, but discovered that her telephone wires had been cut. She went outside and observed her neighbor pull a burning rope off a gas meter. The victim also noticed that her car and part of her home were burning and smoldering. Shortly thereafter, the victim observed defendant in her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

neighborhood. The victim provided the police with a description of defendant, and defendant eventually was arrested.

On appeal, defendant first argues that there was insufficient evidence to support his conviction of attempted murder. We disagree. Here, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of the crime, including the intent to kill, were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

Defendant next argues that the trial court gave an erroneous jury instruction that permitted the jury to convict defendant of attempted murder if the evidence established that defendant had an intent to create a high risk of death or great bodily harm, rather than the requisite intent to kill. We agree. Although defendant failed to object to the instruction at trial and even acquiesced to the accuracy of the attempted-murder instruction, we believe that failure to review this issue would result in a miscarriage of justice. *People v Hall*, 174 Mich App 686, 688; 436 NW2d 446 (1989).

With regard to the charge of attempted murder, the trial court in the instant case gave the following instruction:

Now, as I told you, this is a specific intent crime, and the crime of Attempted Murder requires proof of a specific intent. This means that the prosecution must prove not only that the Defendant did certain acts but that he did the acts with the intent to cause a particular result.

For the crime of Attempted Murder, this means that the prosecution must prove that the Defendant intended to

> murder Miss McKay by the setting of the house fire. *And the various states of mind which we talked about in First Degree Murder, which really I didn't give you, was that he either intended to kill, or intended to do great bodily harm to Miss McKay, or he knowingly created a very high risk of death or great bodily harm knowing that death or such harm was the likely result of his action.* The Defendant's intent may be proved by what he said, what he did, how he did it, or by any other facts and circumstances in evidence. [Emphasis added.]

The trial court's recitation of the states of mind necessary to convict defendant of attempted murder came directly from Criminal Jury Instructions 2d (CJI2d) 16.4, which discusses first-degree felony murder. In *Hall, supra,* this Court concluded that the trial court's reading of Criminal Jury Instruction (CJI) 16:2:01, which addressed first-degree premeditated murder, was proper to support a charge of attempted murder, but that the reading of CJI 16:3:01, addressing second-degree murder, was not.

On the basis of *Hall,* it would be tempting to conclude that the reading of the CJI2d instruction covering first-degree murder was proper; however, that conclusion would be incorrect. After reading the jury instructions discussed in *Hall,* it is clear that the instruction given in the instant case allowed the jury to consider inappropriate states of mind. The only state of mind addressed in the former instruction regarding first-degree premeditated murder, CJI 16:2:01, was the intent to kill. The intent to do great bodily harm or create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result were addressed in the former instruction covering second-degree murder, CJI 16:3:01. Now, however, CJI2d 16.4, which

covers first-degree felony murder, addresses all three states of mind referenced by the trial court.

Despite the fact that the instruction covering first-degree felony murder contains all three states of mind, they cannot all support a conviction of attempted murder. A conviction of attempted murder requires a showing that the defendant intended to bring about a death. *Hall, supra* at 690. Such a conviction may not be based upon a defendant's negligent or reckless actions. *Id.* Thus, the instruction given by the trial court, which allowed a conviction upon negligent or reckless conduct, was error.

Defendant next claims that he was denied the effective assistance of counsel because of his counsel's failure to take certain actions. A defendant who claims he has been denied the effective assistance of counsel must establish that (1) the performance of his counsel was below an objective standard of reasonableness under the prevailing professional norms and (2) that a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different. *People v Pickens*, 446 Mich 298, 302-303, 314; 521 NW2d 797 (1994). Here, in view of the above, we need not consider defendant's claims of ineffective assistance that relate only to his conviction of attempted murder. See *People v Baker*, 207 Mich App 224, 226; 523 NW2d 882 (1994). We have considered defendant's remaining claims of ineffective assistance, and we find them to be without merit.

Defendant also argues that he was denied a fair and impartial trial because of several instances of prosecutorial misconduct, none of which were

objected to below. Consideration of unpreserved challenges to alleged instances of misconduct is limited to whether our failure to review would result in a miscarriage of justice. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). Here, our failure to provide further review will not result in a miscarriage of justice because any possible prejudice could have been cured by a timely instruction. *Id.*

Defendant also raises several issues involving sentencing. Because we have reversed defendant's conviction of attempted murder, we believe it would be premature[1] to address defendant's sentencing concerns at this time.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

---

[1] Absent knowledge of whether defendant will be retried on the charge of attempted murder, and if retried, whether he will be convicted, we believe it would be imprudent for us to address defendant's sentencing issues at this time. Following retrial or in the absence of retrial, any remaining sentencing issues can be addressed to the trial court at the conclusion of the case.