PEOPLE v MITCHELL

Docket No. 181906. Submitted October 9, 1996, at Grand Rapids. Decided
May 9, 1997, at 9:25 A.M. Leave to appeal sought.

Tommie Mitchell, Jr., was convicted by a jury in the Muskegon Circuit
Court, R. Max Daniels, J., of unarmed robbery. He pleaded guilty of
being a third-offense habitual offender and was sentenced to
twelve to thirty years' imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. The court committed error requiring reversal and remand for a
new trial in refusing the defendant's request to give a cautionary
instruction regarding the limited purpose for which the jury should
consider the defendant's testimony regarding his involvement in
other uncharged offenses. The requested limiting instruction should
have been given regardless of who, the defense or the prosecution,
introduced the evidence of the defendant's prior bad acts.

2. The defendant was not denied a fair trial when the prosecutor
questioned him regarding the details of the prior bad acts.

3. The failure of the Court of Appeals to consider the defendant's
unpreserved challenges to alleged prosecutorial misconduct will
not result in a miscarriage of justice.

Reversed and remanded.

HOEKSTRA, J, dissenting in part, stated that a defendant who
interjects the defendant's own prior bad acts into evidence is not
entitled to the same limiting instruction to which the defendant
otherwise would have been entitled upon request had the evidence
been offered by the prosecutor pursuant to MRE 404(b). The
defendant's conviction should be affirmed.

CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — JURY INSTRUCTIONS.

The limiting instruction contained in CJI2d 4.11 must be given if
requested to ensure that the jury uses evidence of the defendant's
prior bad acts for a proper purpose where the evidence is admitted
pursuant to the exception to the general rule that such evidence is
inadmissible with regard to the issue of the defendant's guilt or
innocence of the offense charged; the limiting instruction must be
given regardless of whether the prosecution or the defense intro-
duced the evidence (MRE 404[b]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Danielle DeJong*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove*), for the defendant on appeal.

Before: NEFF, P.J., and HOEKSTRA and G. D. LOS-TRACCO*, JJ.

NEFF, P.J. Defendant was convicted by a jury of unarmed robbery, MCL 750.530; MSA 28.798, and subsequently pleaded guilty of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. He was sentenced to twelve to thirty years' imprisonment. Defendant now appeals as of right. We reverse and remand for a new trial.

I

This cases arises from a robbery that occurred at a gas station/convenience store located in Muskegon, and was captured on tape by a surveillance camera. Defendant was accused of threatening the cashier and taking money from the register. Defendant's theory of the case was that the cashier gave him the money as payment for a drug delivery that had taken place earlier. Defendant testified at trial that he had sold marijuana to the cashier on a number of previous occasions and that ordinarily the marijuana was given to the cashier by defendant's associates and defendant collected the money for the drugs from the cashier at a later time. Defendant claimed that this occasion was no different; defendant was simply collecting

---

* Circuit judge, sitting on the Court of Appeals by assignment.

money owed to him for marijuana previously delivered to the cashier.

II

On appeal, defendant argues that the trial court committed error warranting reversal in refusing his request to give a cautionary instruction to the jurors regarding the limited purpose for which they could consider defendant's testimony regarding his involvement in alleged drug transactions with the cashier. We agree.

Our Supreme Court has held that when the prosecution introduces evidence that tends to show the commission of another criminal offense by the defendant, the defendant is entitled to a limiting instruction, and the failure to give the instruction, when requested, warrants reversal. *People v DerMartzex*, 390 Mich 410, 416-417; 213 NW2d 97 (1973); see also *People v Chism*, 390 Mich 104, 119-120; 211 NW2d 193 (1973). This case presents the question whether reversal is also warranted when the trial court's refusal to give the requested limiting instruction follows the introduction by the defendant rather than the prosecution of evidence of another crime by the defendant. We hold that it is.

As a general rule, evidence tending to show the commission of other criminal offenses by a defendant is inadmissible with regard to the issue of the defendant's guilt or innocence of the offense charged. *DerMartzex, supra* at 413. Evidence of other crimes generally is barred because it has been determined that whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's

guilt or innocence. *Id.* However, the probative value of such evidence may outweigh the disadvantages where the prosecution seeks to use such evidence to prove "motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material . . . ." MRE 404(b)(1). Thus, MRE 404(b) creates an exception to the general rule by permitting an adverse party to present evidence concerning prior bad acts under certain circumstances.

Before admission, the trial court is required to rule regarding the admissibility of such evidence after determining whether the evidence is relevant to an issue of fact or consequence other than propensity, and whether the danger of undue prejudice outweighs the probative value of the evidence. *People v Vander-Vliet,* 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). When evidence of prior bad acts is properly admitted for the limited purpose of proving one of the recognized exceptions, the limiting instruction contained in CJI2d 4.11, formerly CJI 4:10:01, is given to ensure that the jury uses the evidence for a proper purpose. See *People v Rice,* 206 Mich 644, 658; 173 NW 495 (1919).

Our dissenting colleague concludes that because defendant himself introduced evidence regarding his involvement in drug trafficking, the traditionally recognized rationale for the admissibility of prior bad acts testimony pursuant to MRE 404(b) is not applicable. We conclude that whether the evidence of prior bad acts is introduced by the prosecution or the defense is irrelevant to the purpose for which a limiting instruction is intended, i.e., to advise the jury that the evidence is inadmissible with regard to the issue

of the defendant's guilt. The potential to prejudice defendant's right to a fair trial by influencing the jury to convict on the basis of defendant's admission of prior bad acts is unacceptably high without the limiting instruction, which is a simple matter to accomplish. The source of the evidence—the prosecution, the defense, or both—is a secondary matter. The potential for prejudice and interest in a fair trial are primary. As noted in *Rice, supra* at 658: "When testimony of this character is received the trial judge should carefully guard its use by appropriate instructions, and limit the purpose for which it is received." This admonition is of no less importance because defendant introduced the evidence of other bad acts via his theory of defense that he was merely collecting money owed him for drugs.

We hold that the refusal to grant defendant's request for a cautionary instruction was error requiring reversal and we remand for a new trial. Our holding does not address whether a trial court is required sua sponte to give a cautionary instruction where none is requested when the defendant is the party introducing evidence of his own prior crime, wrongs, or bad acts.

III

Defendant next argues that he was denied a fair trial because the prosecutor improperly questioned him regarding details of the alleged drug transactions in an attempt to establish the identity and modus operandi of defendant's accomplices. In addition, defendant contends that the questions were improper because they served to inflame the jury by emphasiz-

ing his involvement in drug trafficking. Because this issue might arise on retrial, we will address it.

It was defendant who first introduced evidence of drug trafficking as a defense to the unarmed robbery charge. Under these circumstances, it was proper for the prosecutor to question defendant's story and explore whether facts existed that might corroborate his testimony. To the extent that the questions asked of defendant assisted the prosecutor in identifying possible drug dealers, we fail to see how the defense was prejudiced by the testimony.

IV

Defendant also contends that he was denied a fair trial because of several other instances of prosecutorial misconduct, including an instance in which the prosecutor elicited testimony from the complainant establishing that she had once helped to convict her ex-boyfriend and another individual of selling cocaine. However, defendant failed to preserve these issues by objecting below. Consideration of unpreserved challenges to alleged misconduct is limited to whether our failure to review would result in a miscarriage of justice. *People v Graham*, 219 Mich App 707, 712; 558 NW2d 2 (1996). Here, our failure to provide further review will not result in a miscarriage of justice because any possible prejudice could have been cured by a timely instruction. *Id.*

V

Finally, defendant argues that his twelve- to thirty-year sentence as an habitual offender violates the principle of proportionality set forth in *People v Mil-*

*bourn,* 435 Mich 630; 461 NW2d 1 (1990). Our reversal of defendant's conviction renders this issue moot.

Reversed and remanded for a new trial. We do not retain jurisdiction.

G. D. LOSTRACCCO, J., concurred.

HOEKSTRA, J. *(concurring in part and dissenting in part).* I respectfully dissent from the opinion of the majority because I disagree with the conclusion reached in section II of that opinion. In all other respects, I concur in the opinion of the majority.

In section II, the majority concludes that the prior bad acts limiting instruction must be given upon request without regard to who was the proponent of the bad acts testimony. I believe that this conclusion is flawed because it ignores the context for which the limiting instruction was created, that being the prosecution's introduction of evidence of a defendant's prior bad acts pursuant to MRE 404(b). The majority opinion correctly sets forth the legal framework that guards a defendant from inappropriate and unfair usage of prior bad acts testimony generally. Those safeguards ensure that when the prosecution seeks to admit such testimony, the testimony meets the requirements of relevance, admissibility based upon a recognized purpose, and that the probative value of the evidence outweigh its prejudicial effect. Before the decision by the majority today, only after testimony of bad acts offered by the prosecution survived this rigorous test for admissibility was a defendant entitled to request the limiting instruction at issue in this case.

Now, however, the majority has extended the right to request a limiting instruction to situations where a

defendant interjects his own prior bad acts into evidence. This, despite the fact that a defendant may introduce the evidence without the prosecution having any opportunity to object to its admissibility on any basis. In my view, this extension of a defendant's right to a limiting instruction is unwarranted. I would conclude that a defendant who introduces bad acts evidence is not entitled to the same limiting instruction to which he would have been otherwise entitled upon request had the evidence been offered by the prosecution pursuant to MRE 404(b), because the purpose for which the evidence is offered is unrelated to a typical MRE 404(b) issue, and because the evidence's admissibility is not scrutinized by the same standards.

The majority relies on the potential prejudice to a defendant that may result from such testimony. However, unlike the situation where it is admitted by the prosecution pursuant to MRE 404(b), a defendant who introduces such evidence controls the nature and extent of the testimony. The defendant is in a position to gauge the effect of the testimony and argue its proper usage. It seems to me that this can and should be done without the benefit of a limiting instruction where the defendant is the proponent of the prior bad acts evidence. Accordingly, I would find no error in the trial court's refusal to give the jury the requested limiting instruction and would affirm defendant's conviction.