# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DUSTIN ALLEN HORNBACK,

      Defendant-Appellant.

UNPUBLISHED
June 16, 2016

No. 320750
Ingham Circuit Court
LC No. 13-000815-FH

Before: RIORDAN, P.J., and DONOFRIO and BECKERING, JJ.

PER CURIAM.

Following a jury trial, defendant, Dustin Allen Hornback, was convicted of unlawful imprisonment, MCL 750.349b(1)(c), and felonious assault, MCL 750.82(1), and sentenced to prison terms of 42 to 180 months for the former and 18 to 48 months for the latter.[1] He appeals by right, and we affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant and his girlfriend, the victim, were watching television in his bedroom when they began arguing about their prior relationships. According to the victim, when she called defendant by the wrong name, he snapped, grabbed her throat, and began to choke her. He pushed the victim against the bedroom door and held the door shut with one hand while choking her with the other hand. The victim was able to escape from defendant when his stepfather knocked on the door and inquired regarding the noise. She reached her car and fled. Defendant pursued her in his stepfather's car and, according to the victim, attempted to run her off the road. She slowed down when she could no longer see the headlights of defendant's car. Shortly thereafter, defendant caused his vehicle to slam into the back left side of the victim's car, spinning it 180 degrees. The victim believed that defendant had intentionally smashed into her car. Defendant approached, and the victim told him to leave her alone, but he grabbed her hands and dragged her across the gravel road and put her in the back seat of his car. The victim

---

[1] Defendant was acquitted of one count of unlawful imprisonment, MCL 750.349b(1)(c) (restraint to facilitate strangulation), and one count of assault by strangulation, MCL 750.84(1)(b).

screamed because she did not want to go with defendant and told him that she wanted to stay at the scene of the crash; nevertheless, defendant persisted in dragging her away and placing her in the back of his car. At one point, while she was being dragged, the victim managed to free herself, but defendant grabbed her once again. Once inside defendant's car, she was unable to leave because defendant locked the doors and "started driving really fast back to his house." Although the victim was bleeding from a head injury, defendant did not summon help. He testified he knew if he called police he would be arrested on an outstanding warrant.

Back at defendant's home, the victim was able to call her mother and again fled. After her mother picked her up, they returned to the scene of the accident so the victim could retrieve her purse. When defendant drove by, the victim's mother called police. Defendant drove to his grandfather's house in Fowlerville and stayed in a camper on the property, where he was discovered by his grandfather. Although defendant represented to family members that he would turn himself in on his outstanding warrant, he fled once again. After spending some time in northern Michigan, defendant voluntarily turned himself in to the Livingston County Sheriff.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues there was insufficient evidence presented at trial to show he restrained the victim in order to facilitate his flight from a felony.[2] Our review of this issue is de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). When reviewing a sufficiency challenge, an appellate Court "reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted). Determining witness credibility and assigning weight to evidence remains the province of the trier of fact. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992).

The offense of unlawful imprisonment contains alternative elements. Pertinent to this case, MCL 750.349b(1)(c) provides that a "person commits the crime of unlawful imprisonment if he or she knowingly restrains another person" and the "person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony." The jury was instructed—and found defendant guilty—on a theory that he unlawfully restrained the victim in order to facilitate flight after the commission of felonious assault. MCL 750.349b does not define the word "flight" and thus this Court may look to the dictionary for its ordinary meaning. *People v Wilson*, 230 Mich App 590, 592; 585 NW2d 24 (1998). Flight is defined as the "act or an instance of fleeing, esp. to evade arrest or prosecution," and "flee" means to "run away; to hasten off" and to "run away or escape from danger, pursuit, or unpleasantness; to try to evade a problem." *Black's Law Dictionary* (10th ed). "The term 'flight' has been applied to such actions as fleeing the scene of the crime, leaving the jurisdiction, running from the police, resisting arrest, and attempting to escape custody." *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). However, simply departing "from the scene is insufficient to give rise to

---

[2] He does not argue that there was insufficient evidence with regard to his felonious assault conviction.

-2-

'flight' in the legal sense" because there is no indication that a defendant "feared apprehension." *People v Hall*, 174 Mich App 686, 691; 436 NW2d 446 (1989).

The victim testified that she did not wish to leave the scene of the accident with defendant and was forcibly taken from her car and dragged across the road against her will. She managed to briefly escape, but defendant seized her once again and continued on the march to his car. There was evidence of injuries to the victim's person that was consistent with this account, namely abrasions to her legs. The victim also testified that she was unable to get out of defendant's car as he drove back to his house, explaining that she "believe[d] he locked the doors." This testimony and physical evidence was sufficient for a rational trier of fact to conclude that the victim was restrained against her will. See MCL 750.349b(3)(a) (defining "restrain" to mean "to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority.").

Further, there was evidence and testimony that defendant's restraint of the victim was to facilitate his flight after commission of felonious assault.[3] The victim testified that she wanted to stay at the scene of the crash, but defendant was unrelenting in his desire to leave immediately. He demanded she come with him, forcibly dragging her to the backseat of his car. After defendant and the victim returned to his house, the victim snuck out and telephoned her mother for help. When she ran away from defendant's house, defendant chased after her on foot. Afterwards, defendant drove his damaged vehicle to his grandfather's home in Fowlerville and parked it in the brush near a camper on his grandfather's property. Defendant slept in the camper. He testified that he did not call the police to report the accident because he knew he "would get arrested for [his] violation of probation." When his family learned of his whereabouts and took him to turn himself in on his outstanding warrant, he deceived his mother and grandfather into believing he was taking a shower and then "went up north." Given the sequence of events and defendant's admitted concerns about being apprehended, a rational trier of fact could conclude, beyond a reasonable doubt, that defendant wanted to flee or evade capture after the felonious assault and that his detention of the victim was done in an attempt to facilitate his flight.

Defendant argues that because felonious assault is a crime against a person, he could not have fled the scene of the felony because he took the victim of the crime with him. He essentially argues that the victim "was the scene of the crime." While somewhat creative, this argument is unavailing. First, defendant has not cited any authority in support of his argument, and we will not search for authority to support his position. See *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009). Moreover, the argument ignores the evidence in this case. Defendant took several actions that, when viewed in a light most favorable to the prosecution, clearly support that he attempted to avoid apprehension, i.e., fled, and that he restrained the

---

[3] The jury convicted defendant of felonious assault predicated on hitting her car with his car, and he neither challenges that conviction on appeal nor disputes that the assault can be used as the felony that preceded his flight.

-3-

victim in order to do so. Namely, he took the victim with him and would not let her seek help after the felonious assault. He admitted he was worried about being arrested. Also, after restraining the victim, he undertook a series of efforts to avoid detection—parking the car in brush, sleeping in a camper, and going to northern Michigan. In sum, there was sufficient evidence to find that defendant restrained the victim to facilitate his flight after the commission of felonious assault.

### III. STANDARD 4 BRIEF

Next, in a standard 4 brief, defendant argues that the trial court erred by scoring offense variables (OVs) 8 and 12. Defendant objected to the scoring of OV 12 at sentencing and thus preserved that issue. *Waclawski*, 286 Mich App at 680. He preserved his OV 8 challenge by filing a motion to remand. *People v McChester*, __ Mich App __; __ NW2d __ (Docket No. 318145, issued May 5, 2015), slip op at 2.

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).]

Offense variable 8, as set forth in MCL 777.38, concerns "victim asportation or captivity." The trial court is to score 15 points for OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense[.]" MCL 777.38(1)(a). MCL 777.38(2)(b) provides that the trial court is to score "0 points if the sentencing offense is kidnapping." Defendant does not argue that the facts fail to support 15 points under OV 8, but rather that unlawful imprisonment is a form of kidnapping and thus MCL 777.38(2)(b) requires a score of zero points. In *People v Kosik*, 303 Mich App 146, 157-159; 841 NW2d 906 (2013), we rejected this very argument. Contrary to defendant's assertions, we are bound by *Kosik*. MCR 7.215(J)(1).

Defendant also challenges the score of OV 12, which addresses contemporaneous felonious criminal acts. The trial court scored 10 points under OV 12, finding that defendant committed two contemporaneous felonious criminal acts involving crimes against a person. MCL 777.42 provides as follows:

> Offense variable 12 is contemporaneous felonious criminal acts. Score offense variable 12 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Three or more contemporaneous felonious criminal acts involving crimes against a person were committed …………………………….. 25 points
>
> (b) Two contemporaneous felonious criminal acts involving crimes against a person were committed ……………………………………….... 10 points

* * *

(2) All of the following apply to scoring offense variable 12:

(a) A felonious criminal act is contemporaneous if both of the following circumstances exist:

(*i*) The act occurred within 24 hours of the sentencing offense.

(*ii*) The act has not and will not result in a separate conviction.

When scoring OV 12, the court "must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

Defendant was charged with and acquitted of assault by strangulation and unlawful imprisonment to facilitate the assault by strangulation. These are felonious criminal acts involving crimes against a person. See MCL 777.16d; 777.16q. There was testimony from the victim that defendant held her inside the bedroom against the door. The victim testified that defendant held the door shut with one hand and choked her with his other hand. In scoring the guidelines, a court can consider record evidence which establishes "other criminal activities . . . even though the defendant was acquitted of the charges." *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998). And, factual findings in the context of sentencing are subject to the less burdensome preponderance of the evidence standard. *Hardy*, 494 Mich at 438. Here, because these acts occurred within 24 hours of the sentencing offense, MCL 777.42(2)(a)(*i*), and defendant's acquittal by the jury establishes that the conduct will not result in a separate conviction, MCL 777.42(2)(a)(*ii*), the court did not err in scoring 10 points under OV 12.[4]

Because we reject defendant's sentencing challenges, we also reject his attendant claim that trial counsel was ineffective for failing to object or for failing to zealously advocate with regard to the scoring of OVs 8 and 12. Counsel cannot be deemed ineffective for failing to object to a properly scored OV, or by failing to present further argument challenging the scoring of offense variables that were properly scored. *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005).

Affirmed.

/s/ Michael J. Riordan
/s/ Pat M. Donofrio
/s/ Jane M. Beckering

---

[4] Moreover, the scoring of OV 12 does not affect the appropriate guidelines range. Therefore, even assuming error, defendant would not be entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).