# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JALAN M. MOORE,

        Defendant-Appellant.

UNPUBLISHED
September 13, 2016

No. 327461
Macomb Circuit Court
LC No. 2014-002623-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUWANE OMAR GARRELL,

        Defendant-Appellant.

No. 327821
Macomb Circuit Court
LC No. 2014-002622-FC

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

In these consolidated appeals[1] following a consolidated jury trial, defendants appeal as of right their convictions of assault with intent to rob while armed, MCL 750.89, under aiding and abetting theories. We affirm.

On April 29, 2014, at about 10:30 p.m., the victim was walking home after work when a man approached her from behind, turned her around by the shoulders, and demanded her purse. The man pulled at her purse, but the victim held onto it. He then lifted up his shirt and showed the victim a gun, which she described as a black handgun. The victim eventually fell to the

---

[1] See *People v Moore*; *People v Garrell*, unpublished order of the Court of Appeals, entered April 20, 2016 (Docket Nos. 327461, 327821).

-1-

ground and was then dragged by the assailant, causing her jeans to be ripped. During the assault, the victim noticed a vehicle with its lights on, parked on the same side of the street about a block or 35 feet away, and waved her arms, screaming for help. However, the vehicle drove rapidly past her, stopping at a nearby stop sign. The assailant ran to the vehicle, got in the front passenger side, and the vehicle sped away. The victim ran to a nearby store and the police were called.

Soon after, the vehicle described by the victim was stopped by police. Defendant Garrell was driving, defendant Moore was in the backseat, and Markuz Almore—who fit the description of the assailant and was eventually identified by the victim—was the front seat passenger. All three are cousins. A handgun case and a black handgun, which was registered to defendant Garrell's girlfriend, were found in the trunk. There was a panel in the backseat that folded down, allowing access to the trunk from the backseat. A magazine for the handgun was found in the glove box, bullets were found in a cigarette box located in a pocket behind the front passenger seat, and a small handgun holder was found in the backseat where defendant Moore had been sitting. Defendant Garrell's girlfriend, who also owned the car, testified that she had left the gun and related items in the car as they were found.

**Docket No. 327461**

On appeal, defendant Moore argues that the evidence presented at trial was insufficient to convict him of assault with intent to rob while armed under an aiding and abetting theory. We disagree.

"Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We consider the evidence in the light most favorable to the prosecutor to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002).

An accomplice to a crime may be convicted as if he actually committed the crime under the theory that he aided and abetted the crime. *People v Robinson*, 475 Mich 1, 5-6; 715 NW2d 44 (2006), quoting MCL 767.39. A conviction under an aiding and abetting theory requires that "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement." *Id*. at 6 (internal quotations and citations omitted).

Here, defendant Moore argues that the evidence only showed that he was sitting in the backseat of a vehicle that allegedly drove an attempted armed robber from the crime scene which was insufficient to support his conviction. It is true that a defendant's mere presence is

insufficient to establish that he aided and abetted the commission of the crime, even if he had knowledge that an offense was about to be, or is being, committed. *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999). However, reasonable inferences from the evidence supported the jury's conclusion that defendant Moore "performed acts or gave encouragement" to assist Almore in attempting to steal the victim's purse at gunpoint, and that he "intended" the attempted robbery or "had knowledge" that Almore intended the attempted robbery at the time he would have helped Almore.

"Aiding and abetting" includes any actions "that may support, encourage, or incite the commission of a crime." *People v Wilson*, 196 Mich App 604, 614; 493 NW2d 471 (1992). "An aider and abettor's state of mind may be inferred from all the facts and circumstances." *People v Carines*, 460 Mich 750, 758; 597 NW2d 130 (1999), quoting *People v Turner*, 213 Mich App 558, 568; 540 NW2d 728 (1995). Some factors that may be considered include the "close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *Id*. at 569. Defendants who "were merely the 'lookout'" can be convicted of aiding and abetting. *People v Davenport*, 122 Mich App 159, 162; 332 NW2d 443 (1982) (citation omitted).

Here, the circumstantial evidence supported a conclusion that defendants Garrell and Moore planned the crime with their cousin Almore, acted as lookouts during the commission of the crime, and then were situated so that Almore could be quickly and safely transported away from the crime scene. Defendant Garrell was clearly the getaway driver of the lookout vehicle which, according to the victim, was parked close enough for its occupants to watch the crime being committed and to hear her screams for help. Defendant Moore was seated in the backseat of the lookout vehicle, which also gives rise to the inference that he was involved in the planning of the crime. The front passenger seat of the lookout vehicle was unoccupied so that their cousin Almore—a very large man—could quickly jump into the front passenger seat of the vehicle after the crime was committed, allowing for a quick getaway. And once Almore returned to their vehicle, the gun could be passed to defendant Moore, who had access to the truck from the folded down panel in the backseat—which is where the police located the handgun that fit the victim's description. That is, a reasonable inference arises from the evidence that defendant Moore further assisted Almore by attempting to disassociate Almore from the gun used in the crime by separating the gun from its ammunition and its holster and/or case. Thus, the evidence reasonably indicated defendant Moore's involvement as a lookout and as an assistant to escape and conceal the crime. "The amount of advice, aid or encouragement is not material if it had the effect of inducing the commission of the crime." *People v White*, 147 Mich App 31, 38; 383 NW2d 597 (1985) (citation omitted).

In summary, considering the evidence in a light most favorable to the prosecution, the jury could properly convict defendant Moore of assault with intent to rob while armed under an aiding and abetting theory. Accordingly, defendant's argument is without merit.

**Docket No. 327821**

On appeal, defendant Garrell argues that the trial court erred in instructing the jury regarding his flight from the crime scene. We disagree.

This Court reviews de novo a claim of instructional error. *People v Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003). Jury instructions are reviewed "in their entirety to determine if there is error requiring reversal." *People v McFall*, 224 Mich App 403, 412; 569 NW2d 828 (1997). There is no error where the instructions "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Id*. at 412-413 (citation omitted).

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Mills*, 450 Mich 61, 80-81; 537 NW2d 909, modified 450 Mich 1212 (1995). "[T]he trial court is required to instruct the jury concerning the law applicable to the case and fully and fairly present the case to the jury in an understandable manner." *Id*. at 80. "Accordingly, jury instructions must include all the elements of the charged offenses and any material issues, defenses, and theories that are supported by the evidence." *People v McKinney*, 258 Mich App 157, 162-163; 670 NW2d 254 (2003).

Here, the trial court instructed the jury regarding flight according to the standard jury instruction, CJI2d 4.4:

> There has been some evidence that the defendant tried to flee from the alleged crime. This evidence does not prove guilt. A person may flee for innocent reasons, such as panic, mistake, or fear, however, a person may also flee because of a consciousness of guilt. You must decide whether the evidence is true and, if true, whether it shows that the defendant had a guilty state of mind.

Defendant Garrell argues that the evidence indicated only that the vehicle he was driving left the scene of the crime, not that it fled the scene as the prosecutor argued. "[M]ere departure from the scene is insufficient . . . to support the giving of the flight instruction." *People v Hall*, 174 Mich App 686, 691; 436 NW2d 446 (1989).

However, the victim testified that after she waved to the parked car for help, it sped past her to pick up her assailant, Almore. The victim stated twice that the car then sped away down another street, and clarified: "They sped off fast. They were getting out of there." The term "flight" includes "fleeing the scene of the crime." *People v Smelley*, 485 Mich 1023, 1024; 776 NW2d 310 (2010) (CORRIGAN, J., concurring), citing *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). And CJI2d 4.4 clearly indicates that flight from the "alleged crime" supports the instruction. Further, considering the manner in which defendant departed from the crime scene—speeding off fast, it appears that he did so because of the fear of apprehension. See *Hall*, 174 Mich App at 691. Accordingly, the evidence supported giving a flight instruction.

Defendant Garrell also argues that he was denied a fair trial because the prosecutor argued during his rebuttal argument that the jury should convict based on sympathy for the victim. We disagree.

"Generally, a claim of prosecutorial misconduct is a constitutional issue reviewed de novo." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). A fair trial for a defendant "can be

jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id.* at 63-64.

Here, the prosecutor remarked, as follows:

> [The victim] will never, never be able to walk down the street again at night without looking over her shoulder. Now, will you, juror in seat number nine, be able to give her that sense of security back? Will you, juror in seat number four, be able to --

Garrell interjected that this argument was improper and the trial court asked the prosecutor to move on.

Defendant argues that "the prosecutor overstepped the bounds by improperly questioning individual jurors, appealing to their sympathy, which is improper." It is true that improper comments by the prosecutor unfairly introduce an issue that "encourages jurors not to make reasoned judgments." *Abraham*, 256 Mich App at 273. And a prosecutor may not appeal to the jury to sympathize with the victim, *People v Wise*, 134 Mich App 82, 104; 351 NW2d 255 (1984), or ask the jurors to convict based on their civic duty. *Abraham*, 256 Mich App at 273.

But, in this case, even if we agreed that these brief contested remarks were improper because they tended to invoke sympathy for the victim, prosecutorial comments must be read as a whole and evaluated in context. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). Here, the prosecutor continued his comments, as follows:

> Will anybody be able to give her her sense of security back? No. I'm not asking you to find the Defendants guilty based on assumptions. I'm asking you to find them guilty based upon the circumstantial evidence that was presented you here today. And although you can't give her her sense of security back, you can give her a just verdict that holds these two Defendants accountable.

Thus, the prosecutor actually argued that defendants should not be convicted based on the jury's feelings toward the victim; rather, defendants should be found "guilty based upon the circumstantial evidence" that was presented. Further these were the concluding remarks of the prosecutor, after a lengthy discussion of the law and facts that highlighted the evidence with which the prosecutor called upon the jury to convict defendants.

Moreover, the trial court instructed the jury "to return a true and just verdict based only on the evidence and my instructions on the law. You must not let sympathy or prejudice influence your decision." These instructions from the trial court were sufficient to eliminate any prejudice that might have resulted from the very brief remarks by the prosecutor. See *Thomas*, 260 Mich App at 454. "[J]urors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). In summary, defendant Garrell was not denied a fair

and impartial trial as a result of the prosecutor's brief rebuttal remarks about the victim's sense of security. See *Dobek*, 274 Mich App at 63.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood