# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BRYAN, Minors.

UNPUBLISHED
October 11, 2016

No. 331963
Kalamazoo Circuit Court
Family Division
LC No. 2015-000267-NA

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor children, CB and MB, under MCL 712A.19b(3)(g) (failure to provide proper care and custody), (j) (reasonable likelihood of harm), (k)(*v*) (parent abused child resulting in life-threatening injury), and (k)(*vi*) (abuse involving attempted murder). Because respondent was not denied due process and the trial court did not clearly err by terminating her parental rights, we affirm.

According to the evidence introduced at the termination hearing, respondent suffers from mental health issues involving delusions as well as auditory hallucinations. She also has a history of abusing prescription medications. On June 7, 2015, respondent carried her children into a pond and submerged their heads under water. Fortunately, a neighbor saw what was happening and intervened to rescue the children. Respondent was criminally charged with child abuse, but found not guilty by reason of insanity. In the present case, respondent's parental rights were terminated at the initial dispositional hearing. Respondent now appeals as of right.

First, respondent argues that her due process rights were violated because her trial was untimely and the delay by the trial court denied her effective assistance of counsel. At the outset, we note that respondent has abandoned her due process claims on appeal by failing to cite any authority to support her arguments. See *In re ASF*, 311 Mich App 420, 440; 876 NW2d 253 (2015). Even if we were to consider the matter, respondent's argument is, at best, unpreserved, and she is not entitled to relief under a plain error standard of review. See *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

Under MCR 3.972(A), when a child is in placement, "the trial must commence as soon as possible, but not later than 63 days after the child is removed from the home unless the trial is postponed." Among other permissible reasons, the trial may be postponed "on stipulation of the parties for good cause." MCR 3.972(A)(1). It is true that, in this case, the children were removed on June 7, 2015 and, due to several adjournments, the termination hearing did not begin

-1-

until November 25, 2015. However, a review of the record makes plain that many of the adjournments were requested by respondent's counsel for various reasons and, at a minimum, respondent's counsel agreed to the delays. Having contributed to any delay, respondent is not entitled to reversal as a result of the various adjournments. See *In re Utrera*, 281 Mich App 1, 12; 761 NW2d 253 (2008). Moreover, on the facts of this case, we fail to see how respondent was prejudiced. Respondent was incarcerated or in a mental health facility while this case was pending, meaning that she could not have had the children returned to her care. The children were placed with her brother during this time, and respondent did not object to this placement. Further, if anything, the additional time actually benefited respondent insofar as it afforded respondent the opportunity to work on her mental health concerns and to prepare a defense to the termination proceedings. Cf. *id.* at 14. On this record, our refusal to reverse based on the delay in proceedings is not inconsistent with substantial justice and thus respondent is not entitled to relief. See *id.* at 13-14; MCR 3.902(A); MCR 2.613(A).

Next, respondent argues that there was insufficient evidence to establish a statutory ground for termination. In particular, respondent contends that her actions at the pond were an isolated incident, that her actions resulted from difficulties with her medications, that she had no intent to harm her children, and that the trial court's conclusion that she intended to murder her children, which conflicted with her not guilty verdict in the criminal proceedings, was clearly erroneous. According to respondent, this is a "mental health case" and termination was inappropriate because, if provided with the proper treatment to which she is entitled, she may be able to care for her children.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App at 139. This Court reviews the trial court's determination for clear error. *Id.*; MCR 3.977(K). "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "We give deference to the trial court's special opportunity to judge the credibility of the witnesses." *Id.*

In this case, the evidence established that respondent carried her children into a pond with their arms restrained and, despite the children's screams, she then submerged their heads underwater. The children reported that they could not breathe under the water, that they were scared, that they did not want to go in the water, and that respondent took them into the water on purpose. But for the timely intervention of the neighbor who pulled the children out of the pond, the children would have been killed. After the neighbor's intervention, respondent tried to commit suicide by attempting to drown herself in the pond, later explaining to police that she did so because "she realized what she had been doing was wrong and she did not feel worthy as a parent . . . ." While respondent characterizes the attempted drowning of the children as an isolated incident, the evidence at the termination hearing showed that her mental health concerns—including delusions, hearing voices, and her self-medication through drug use—have been ongoing for several years and have affected her ability to parent her children. Indeed, since the pond incident, the children have undergone trauma assessments which indicated that the children experienced trauma throughout their lives and needed permanency and stability as soon as possible in order to heal. In short, the evidence demonstrates that respondent attempted to drown her children and that she has long been incapable of providing proper care for her

children. In these circumstances, we see nothing clearly erroneous in the trial court's decision to terminate respondent's parental rights under MCL 712A.19b(3)(g), (j), and (k)(*vi*).[1]

In contrast, respondent contends that, when she walked into the pond with the children, she was acting while on improper medication and it was not her intent to drown the children. Based on this assertion that she lacked the intent to harm the children, respondent contends that the trial court erred by finding that she had attempted to murder her children as required for termination under MCL 712A.19b(3)(k)(*vi*). See generally *People v Graham*, 219 Mich App 707, 711; 558 NW2d 2 (1996) ("[A]ttempted murder requires a showing that the defendant intended to bring about a death."). However, whether respondent had the intent to bring about her children's death was a question for the trial court; and, given that respondent pinned the children's arms and submerged their heads underwater, the trial court could reasonably conclude from her conduct that respondent intended to bring about their deaths.[2] See generally *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014) ("Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent."). In any event, neither MCL 712A.19b(3)(g) nor (j) require that respondent intended to kill her children, and, as we have discussed, termination was appropriate under these subsections.

Insofar as respondent contends that she should be given the opportunity for treatment so that she might eventually care for her children, we note briefly that petitioner sought termination at the initial dispositional hearing based on conduct that involved severe abuse and the attempted murder of respondent's children. See MCL 712A.19a(2)(a); MCL 722.638(1)(a)(*vi*). In such circumstances, respondent was not entitled to reasonable efforts to reunify the family. See MCL 712A.19a(2); *In re Moss*, 301 Mich App 76, 91; 836 NW2d 182 (2013).

Finally, respondent argues that the trial court clearly erred in finding that termination of her parental rights was in the children's best interests. According to respondent, she has a strong

---

[1] The trial court also found that the children suffered a life-threatening injury, implicating MCL 712A.19b(3)(k)(*v*). While the children were certainly placed in a life-threatening situation, we see nothing in the record to suggest that they suffered an injury which placed them at risk of death. However, even assuming some error, only one statutory ground for termination need be proven by clear and convincing evidence. See *In re HRC*, 286 Mich App at 461.

[2] We note also that a different burden of proof applied to the termination proceedings as compared to respondent's criminal trial, meaning that respondent's not guilty by reason of insanity verdict did not prevent the trial court from determining by clear and convincing evidence that she attempted to murder her children. See generally *In re Martin*, 450 Mich 204, 227 n 21; 538 NW2d 399 (1995) (distinguishing between "clear and convincing" standard applicable in civil matters and "beyond a reasonable doubt" standard applicable in criminal cases); *People v Ewing*, 435 Mich 443, 452; 458 NW2d 880 (1990) (recognizing that a not guilty verdict "demonstrates only a lack of proof beyond a reasonable doubt; it does not necessarily establish the defendant's innocence").

bond with her children and the attempted drowning was an isolated incident. She maintains that the children will suffer additional trauma if not returned to her care.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The minor child—not the parent—is the focus of the best-interest stage. *In re Moss*, 301 Mich App at 87. In making its determination, the trial court may consider factors such as the children's safety and well-being, *In re VanDalen*, 293 Mich App at 142, as well as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home," *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. This Court reviews the trial court's decision regarding a child's best interests for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

Here, respondent put the children in significant risk of harm when she submerged them underwater in the pond and, on an earlier occasion, when she drove with the children in her vehicle after snorting Ritalin. In addition to the risks of physical harm, the behavioral health program manager testified that the children experienced complex trauma throughout their lives and that placing them back with respondent would create another trauma by losing the current placement. The evidence showed that, in light of the trauma they had suffered, the children needed a predictable caregiver who offered safe care, structure, consistency, and permanency, which respondent would not be able to provide. Given the severity of the pond incident, the risk of harm to the children if returned to respondent's care, respondent's history of substance abuse and mental health issues, the children's exposure to complex trauma, and the children's need for permanency and stability, the trial court did not clearly err in finding that termination of respondent's parental rights was in CB's and MB's individual best interests. *In re Moss*, 301 Mich App at 90.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto